## MAJOR SHINK'S CASE.

### Kennebec.    Opinion March 25, 1921.

*The prevailing law, at the date of the accident, governs, in cases under the Workmen's Compensation Act.*

An industrial accident occurred in 1918. The commissioner applied the Act of 1919 to the case and made an award for which under the law prevailing at the date of the accident there was no authority. Gauthier's Case is decisive of this.

On appeal from a decree by the chairman of the Industrial Accident Commission. On May 2, 1919; Major Shink, the petitioner, while in the employment of Augustus Carey & Co., at Waterville, was injured. For such injury, the petitioner was paid as compensation for loss of time two hundred and fifty dollars, and a bill of $35 for medical services rendered to petitioner as a result of such injury was paid by the insurer. On February 19, 1920, a further operation was performed upon the thumb of petitioner and the distal phalange of the thumb of the left hand was removed. At the hearing on the petition the only question involved was as to whether respondents were liable for the bill of forty-seven dollars for performing the operation on February 19, 1920. The chairman of the Industrial Accident Commission decreed that said bill of $47 should be paid by respondents from which finding an appeal was taken. Appeal sustained. Decree reversed.

Petitioner was not represented by counsel.

*Andrews & Nelson, and W. T. Gardiner,* for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. In *Mathias Gauthier's Case,* supra it was determined by this court that, under the Workmen's Compensation Law, when an industrial accident occurs to an employee the rights and obligations of the parties become vested and fixed, and that such rights and obligations cannot be either destroyed or enlarged by subsequent legislation. This principle is based upon the plain mandates

of both the State and Federal constitutions.   It is decisive of this case.   The commission invokes Chapter 238 of the laws of 1919 as creating a liability on the part of the defendants to pay the expenses of a surgical operation for which admittedly there was no liability under the law in force at the date of the accident.

In accordance with the principle above stated this ruling must be reversed.

*Appeal sustained.*
*Decree reversed.*