Clarence CANNING

v.

STATE of Maine DEPARTMENT
OF TRANSPORTATION.

Supreme Judicial Court of Maine.

Nov. 20, 1975.

Locke, Campbell & Chapman, by Harry N. Starbranch, Nicholas M. Lanzilotta, Augusta, for plaintiff.

Donald L. Beckwith, Legal Division Department of Transportation, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

This is an appeal by both the claimant and his employer under 39 M.R.S.A. § 103 from a pro forma decree of the Superior Court for Waldo County sustaining an Industrial Accident Commission decree ordering total disability compensation to the claimant during a period of hospitalization occasioned by an attack of angina. The claimant contends that he is permanently disabled and that the Commissioner's conclusion that the claimant's disability, and hence his compensation, ended with his discharge from the hospital is in error. The

employer, on the other hand, protests that the Commissioner's order of compensation during the period of hospitalization was error, and argues that the claimant's angina is not a compensable injury as that term is used in the Maine Workmen's Compensation Act. 39 M.R.S.A. §§ 1–195. We deny both appeals.

After a hearing on October 8, 1974, the Commissioner found the following facts: At the time of the injury, Clarence Canning, the claimant, was employed as a highway maintenance man by the State Department of Transportation. On April 30, 1974, while shoveling dirt from under the wheel of a truck, the claimant experienced sudden severe chest pain. He immediately consulted Dr. Caswell, a physician, who admitted him to the cardiac unit of the Waldo County Hospital and performed certain tests including a cardiogram. The results of these tests were negative. Dr. Caswell concluded that the claimant had a coronary insufficiency that resulted in an attack of angina induced by excessive exertion on April 30, 1974. Dr. Caswell testified that the coronary insufficiency preexisted the shoveling incident and that except for heavy labor the claimant was not disabled at the time of the hearing.

Reports of a second physician, Dr. Knuuti, were admitted by agreement of counsel and were considered as testimony. Dr. Knuuti concluded from his examination of the claimant and a study of the records that the claimant had not experienced a myocardial infarction. His diagnosis was that the claimant suffered from diabetes, mild hypertension and probable arteriosclerotic heart disease with angina. Dr. Knuuti stated that he could not relate the chest pain to a heart condition and that in his opinion the exertion on April 30 did not aggravate the claimant's condition.

Based on the testimony of the two physicians, the only witnesses at the hearing, the Commissioner concluded that on April 30, 1974, the claimant engaged in exertion heavier than his pre-existing heart condi-

tion could endure, causing the attack of angina. The Commissioner further found that pain produced by this episode totally disabled the claimant during his hospitalization and ordered full compensation during that period. The angina pain which the claimant continues to suffer on exertion is, in the Commissioner's words, "related to an underlying arteriosclerotic heart disease not caused by the shovelling incident in April 1974, and not arising out of his employment."

Before addressing the issue raised on this appeal, this Court must consider the preliminary question of the parameters within which those issues are to be resolved. The criteria for entitlement to compensation for injury are established by section 51 of the Maine Workmen's Compensation Act which, at the time the claimant was injured, require, *inter alia,* that the injury be received "by accident". We note, however, that the Commissioner nowhere characterizes the claimant's chest pains as an "injury by accident" and we must now decide whether the criterion of accidental injury should be applied to the claimant in this case.

The phrase "injury by accident" has been an integral part of the Maine Workmen's Compensation Act since the statute was introduced in 1915. P.L.1915 ch. 295. Yet effective October 3, 1973, the Legislature deleted the words "by accident" from section 52, a section which enables the claimant to receive certain hospital and medical services and aids and assistance in rehabilitation if he otherwise qualifies under the act, but the words were not deleted from section 51 which provides for payment of compensation.

Was it the 1973 Legislature's intention that the law should remain that *compensation* could be awarded only if the injury was "by accident" but that the employee should be entitled to reasonable medical aids and services and rehabilitation at the employer's expense for any work related injury? Or did the 1973 Legislature intend a broad liberalization of the criteria for qualification for all benefits for industrial injuries?

Oddly enough, so radical a change in Workmen's Compensation law passed both houses of the Legislature without debate or comment. In applying the Workmen's Compensation Act to the facts of this case our primary duty is to effectuate the intent of the Legislature and that intent must now be hypothesized by inferences to be drawn from legislative action and our own understanding of the Act.

We have no doubt that the Legislature intended the extended coverage to include both types of benefits. Indeed, there seems no rational basis for distinguishing between eligibility for the two types of benefits which would support their differential treatment by the Legislature.

We also note that when it was introduced as a Legislative Document the bill which amended section 52 was entitled AN ACT to Modify the Test for Determining Coverage of Injuries under the Workmen's Compensation Act. The very general language of the title strongly suggests that the Legislature meant to modify the criteria for coverage under the entire Act and not merely under section 52 relating to a rather specialized type of benefits.

We believe that the modification was intended to avoid results such as the one represented by our later decision in *Towle v. Department of Transportation,* Me., 318 A.2d 71 (1974) in which we held that a claimant who suffered a gradual back strain as a result of the posture he was required to assume in discharging his duties was not entitled to compensation because he was not the victim of an "accident" within the meaning of the Act. Although the majority of the Court viewed the *Towle* holding as necessitated by Maine law, it is clear that in avoiding the inevitable results which transpired in that line of cases of which *Towle* is only an example, the Legislature was attempting to sharpen

or reemphasize the original purpose of the Act. Stated quite simply, this purpose was to compensate employees for injuries suffered while and because they were at work. *See, e.g., Bartley v. Couture*, 143 Me. 69, 55 A.2d 438 (1947). This attempt to liberalize the Act could be achieved fully only by excising the accident standard from the entire Act.

■      We therefore believe that the Legislature intended to delete from the entire Act the criterion that injury be received "by accident" but, through some oversight, failed to do so. This Court is required to effectuate the intent of the Legislature, not its oversights.[1] *See, Maine Central Institute v. Inhabitants of Palmyra*, 139 Me. 304, 30 A.2d 541 (1943). We will therefore review this appeal as if the deletion of the phrase "by accident" from section 51 was effective on October 1, 1973.

■■      In turning to the issues presented, it is necessary to note that the Commissioner's findings of fact are final if supported by some competent evidence and by reasonable inferences that may be drawn therefrom. 39 M.R.S.A. § 99; *Soucy v. Fraser Paper*, Me., 267 A.2d 919 (1970); *Starbird v. Livermore Shoe Co.*, Me., 239 A.2d 170 (1968). Whether a disability exists and the extent and nature of that disability are questions of fact. *Bolduc v. Pioneer Plastics Corp.*, Me., 302 A.2d 577 (1973); *White v. Monmouth Canning Co.*, Me., 228 A.2d 795 (1967). Finally, the burden of proving the absence of any competent evidence upon which the Commissioner could have supported his conclusions rests with the moving party. *Baker's Case*, 143 Me. 103, 55 A.2d 780 (1947).

We consider first the appeal of the claimant who urges that the injury on April 30 permanently disabled him and that

the Commissioner therefore erred in refusing to allow compensation beyond the date of hospitalization. Although Dr. Caswell testified that he believed the angina pains which the claimant suffered following the shovelling incident resulted from a pre-existing—and permanent—coronary insufficiency which was itself unaffected by the incident, he later said:

> "I think the symptoms [the angina pains] still disable him as far as the time period goes. I don't think his symptoms disabled him only for his hospital period. I think he's still disabled by these symptoms.
>
> COMMISSIONER: Which you trace to the incident in April of 1974?
>
> WITNESS: Well, I think he's—that since the incident in 1974 he has been disabled and that he is still disabled. I think that before April 1974 if he had perhaps done something equivalent in effort to what he did then, he would have had them at that time."

The doctor had earlier expressed his opinion that the claimant was not disabled from any work and that, for example, he can drive a truck but that

> "I believe that his coronary insufficiency disables him from strenuous physical exertion."

The chest pains, he said, were symptoms of this insufficiency. The Commissioner could reasonably—and correctly, we believe—interpret the doctor's statement as to present disability to mean that the claimant's shovelling episode, precipitating, as it did, chest pains, demonstrated that his pre-existing coronary insufficiency will not permit him to engage in such strenuous labor without further angina attacks. He used the word "disabled", it appears clear, to refer to the claimant's pre-existing and

---

[1]. While it is not possible to determine the intent of one legislature from the actions of a succeeding legislature, we note that the 107th Legislature deleted the words "by accident" from section 51 and eliminated other references to accident in various other sections of the Workmen's Compensation Act. P.L.1975 ch. 480.

permanent limitations and not in the legal meaning of disability as an inability "to perform or obtain work suitable to the employee's qualifications and training." *Bolduc v. Pioneer Plastics Corp., supra,* 302 A.2d at 580.

An employee is, of course, entitled to compensation for a disability proximately caused by his employment regardless of whether his condition at the time of injury was average or subnormal. Thus, a work injury that aggravates a pre-existing condition is compensable even though a physically normal employee would have been unaffected, provided the injury occurs under conditions that would otherwise entitle the employee to compensation. *Soucy v. Fraser Paper, supra; Bernier v. Coca-Cola Bottling Plants, Inc.,* Me., 250 A.2d 820 (1969); *Healey's Case,* 124 Me. 54, 126 A. 21 (1924). To be compensable, the injury must arise out of the employment, that is, it must not be independent of the employment, but must be causally related to the conditions under which the employee worked. *Gooch's Case,* 128 Me. 86, 145 A. 737 (1929). Our review of the testimony of the two physicians convinces us that the Commissioner was not clearly in error in concluding that the claimant's condition, after his release from the hospital, was the same as it had been before the injury and hence was not an incident of his employment. There was, moreover, no evidence suggesting that the deteriorated arterial condition itself was caused by the claimant's employment.

The employer, in turn, contends that the claimant's chest pains were not the result of a personal injury arising out of and in the course of his employment because the record fails to prove either the nature of the injury or its occurrence as something other than "the result of a natural progression". We think that the Commissioner had competent evidence upon which to base his conclusion that the chest pains which were brought on by the shovelling constitute a compensable injury. Dr. Caswell testified that the claimant's unusual exertion brought on his pains which required the brief hospitalization. A decision by the Commissioner based on any medical testimony will not be disturbed on appeal. *Mailman's Case,* 118 Me. 172, 106 A. 606 (1919). That a pre-existing condition was in part responsible for the claimant's period of disability does not in itself render the injury noncompensable. *Soucy v. Fraser Paper, supra.*

The entries will be:

Employee's appeal denied.

Employer's appeal denied.

Ordered that $350.00 to cover fees and expenses of counsel for the employee be paid by the employer to the employee.

All Justices concurring.