### Ralph G. BARRETT

v.

### HERBERT ENGINEERING, INC. and/or American Mutual Liability Insurance Company.

Supreme Judicial Court of Maine.

April 5, 1977.

Ranger, McTeague & Higbee by Patrick N. McTeague, Brunswick, for plaintiff.

Robert F. Hanson, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

This appeal by the petitioner, Ralph G. Barrett, is taken from a pro forma decree of the Superior Court (Cumberland County) affirming the decision of the Industrial Accident Commission denying compensation benefits for a personal injury sustained on August 29, 1973. We deny the appeal.

The Commission's decision concluded as follows:

"In a Petition for Award of Compensation a claimant has the burden of establishing personal injury by accident arising out of and in the course of employment. The relationship between employment and accidental injury must be established. In other words, the accidental injury must result from a risk to which the employee is exposed by reason of his employment. Here the claimant with a long history of chronic back sprain developed symptoms while merely walking. Not only are we unable to find accidental injury but relationship to employment is also missing within the meaning of our Workmen's Compensation Law.

"Accordingly the pending Petition for Award of Compensation is hereby dismissed.

"So Ordered."

* Mr. Justice Weatherbee sat at oral argument and participated in conference, but died before this opinion was adopted.

1. We are aware that effective October 3, 1973 the Legislature, by the provisions of Chapter 389, Public Laws 1973, has modified the test for determining coverage of injuries under the Workmen's Compensation Act through deletion of the requirement that the injury be "by accident" from section 52 of the Act governing medical and hospital benefits. We held in *Canning v. State Department of Transportation*, 1975, Me., 347 A.2d 605, that this legislative amendment effectively excised the accident standard from the entire Act, including section 51 which governs payment of compensation benefits. Since the event with which we are here concerned occurred prior to the change in

At the time of the petitioner's injury on August 29, 1973, our Workmen's Compensation Act provided that

"*[i]f an employee* who has not given notice of his claim of common law or statutory rights of action, or who has given such notice and has waived the same, as provided in section 28 *receives a personal injury by accident arising out of and in the course of his employment, he shall be paid compensation* and furnished medical and other services by the employer who shall have assented to become subject to this Act." (Emphasis supplied) [1]

Barrett's description of the relevant occurrence was to the effect that, at mid-morning on August 30, 1973, while he, Barrett, in the course of his employment by Herbert Engineering, Inc., was walking along to fetch some tools, one of his fellow workers yelled at him. Turning around to see what this fellow wanted, Barrett was asked to pick up some particular tool for him at the same time. Resuming the direction in which he was walking prior to the reference interruption, the petitioner testified that he quickened his pace and while walking along at his normal gait he felt a sharp pain in the lower lumbar sacral region of his back. On examination by Dr. Richard Giustra, an orthopedic surgeon, Barrett gave a similar history of the event, adding that the snap in his back caused him to drop to his knees. The doctor was also made aware of a long intermittent history

the statute, we repeat, as we stated in *Towle v. Department of Transportation, State Highway*, 1974, Me., 318 A.2d 71, that we need not concern ourselves with the effect of the amendment, as the rights and obligations of the parties are fixed and governed by the statute in force at the time when the alleged compensable occurrence took place. See *Reggep v. Lunder Shoe Products Company*, 1968, Me., 241 A.2d 802; *Lemelin's Case*, 1924, 123 Me. 478, 124 A. 204; *Shink's Case*, 120 Me. 80, 113 A. 32; *Gauthier's Case*, 1921, 120 Me. 73, 113 A. 28. Rules of statutory construction would in any event so require in the absence of strong, clear and imperative language indicating a legislative mandate that the new legislation be given retrospective applicability.

of low back discomfort experienced in the past by the petitioner.

The parties agreed that Mr. Barrett was disabled from work for the period of August 30, 1973 to November 11, 1973. Although Dr. Giustra testified that he felt there was a positive relationship between walking and the exacerbation of Barrett's chronic low back condition, the single Commissioner of the Industrial Accident Commission denied compensation for the stated reasons quoted previously.

In *Canning v. State Department of Transportation*, 1975, Me., 347 A.2d 605, at page 609, we said:

"An employee is, of course, entitled to compensation for a disability *proximately caused* by his employment regardless of whether his condition at the time of injury was average or subnormal. Thus, a *work injury* that aggravates a pre-existing condition is compensable even though a physically normal employee would have been unaffected, *provided the injury occurs under conditions that would otherwise entitle the employee to compensation.*" (Emphasis added)

■ It is true that the employer takes the employee as he finds him, but, even so, where the employee already suffers from a preexisting infirmity in dormant stage, its activation or exacerbation from an asymptomatic condition to a symptomatic one during the course of the employment is not compensable under our Workmen's Compensation Act unless the flare up arises out of the employment, meaning that it must be traced to the employment as a contributing proximate cause, and not be solely due to a hazard to which the workman would have been equally exposed apart from the employment.

■ The statutory words "arising out of" mean that there must be some causal connection between the conditions under which the employee worked and the injury which arose, or that the injury, in some proximate way, had its origin, its source, its cause in the employment. *Westman's Case*, 118 Me. 133, 143, 106 A. 536.

■ The injury must be in a just sense related to the employment or have association with the work thereunder.

The rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment, and not by some other agency, or there can be no recovery of compensation. *Hawkins v. Portland Gas Light Co.*, 1945, 141 Me. 288, 292, 43 A.2d 718.

■ We have in mind that a sudden, unusual and unexpected internal injury caused as a result of the victim's ordinary work is compensable, even when not predicated upon an occurrence external to the body. *Moores v. Structural Concrete Corp. of Maine*, 1969, Me., 255 A.2d 892; and this is so, even if the internal injury did not demonstrate itself by a sudden and dramatic effect upon the employee. *Matthews v. R. T. Allen & Sons, Inc.*, 1970, Me., 266 A.2d 240. See also *Brown's Case*, 1924, 123 Me. 424, 123 A. 421, 60 A.L.R. 1293.

■ In the instant case, the petitioner's lumbo-sacral strain did not spring into activity by reason of any work that he was doing, but occurred while he was walking at his normal gait to fetch some tools. The Commissioner found that the ensuing disabling condition was not legally causally related to the employment. This ultimate conclusion is a finding of fact supported by competent evidence and, therefore, final under 39 M.R.S.A., § 99.

■ Causal relationship between the injury and the work the employee was doing, i. e. the nexus between the injury and the employment, is a question of fact reserved under the statute to the Commission and its determination, if supported by competent evidence, is final and this Court is not authorized to intervene. See *Guerrette v. Fraser Paper, Limited*, 1975, Me., 348 A.2d 260; *Patrick v. J. B. Ham Co.*, 1921, 119 Me. 510, 111 A. 912, 13 A.L.R. 427. See also *Continental Casualty Company v. Weise*, 1975, 136 Ga.App. 353, 221 S.E.2d 461.

The entry will be

Appeal denied.

It is hereby ordered that the appellees pay to the appellant an allowance of $550.00 for his counsel fees, plus the actual reasonable out-of-pocket expenses for this appeal.

All Justices concur.

WEATHERBEE, J., sat at oral argument and participated in conference, but died before this opinion was adopted.