## Edward T. UGAREK

### v.

## ST. REGIS PAPER COMPANY.

Supreme Judicial Court of Maine.

March 31, 1978.

Vafiades, Brountas & Kominsky by Susan R. Kominsky (orally), Bangor, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Peter M. Weatherbee, John W. Ballou, Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

The sole issue in this appeal by the employer from a decision by the Industrial Accident Commission is whether there was competent evidence to support that decision which granted the employee's petition for further compensation.

We hold that there is, and we therefore deny the employer's appeal.

The employee suffered an admittedly compensable back injury on August 18, 1976, and was paid compensation by agreement.[1] He returned to work on September 27, 1976 under doctor's orders to restrict himself to light duty. He worked through December 2, 1976, although he continued to experience pain. Sometime prior to finishing work on December 2, the employee had decided to go back to see his doctor about the recurring pain, and he had so informed his foreman. That night at home, he leaned forward to see his newborn baby in the crib, and when he straighted up "it felt like something tore or pulled or something like that."

Thereafter, the employee was disabled, and he eventually underwent spinal fusion surgery.

■ On this appeal, the employer argues that the disabling injury was caused by the December 2, 1976 bending incident at home. The employer concedes that a Commissioner's findings of fact are final, absent fraud, if they are supported by competent evidence. See, e. g., *Jacobsky v. D'Alfonso & Sons, Inc.*, Me., 358 A.2d 511, 513 (1976). Causation is a fact question. *Crosby v.*

---

1. The fact that the original injury operated upon a previously asymptomatic congenital back condition does not affect compensability upon the facts present here. See *Canning v. State Department of Transportation*, Me., 347 A.2d 605, 609 (1975).

*Grandview Nursing Home*, Me., 290 A.2d 375, 379 (1972). The burden of proving the absence of any competent evidence before this Court rests with the appellant. *Canning v. State Department of Transportation*, Me., 347 A.2d 605, 609 (1975).

The only medical evidence in the case came from an orthopedic surgeon who had treated the employee. That witness testified:

> I feel that since he had no previous history of back problems prior to the injury, that injury made necessary the subsequent treatment.

The employer presented no evidence.

■ With the record thus postured, we conclude that the employer has failed to meet its burden of showing the absence of competent evidence. Moreover, the decision of the Commissioner is entirely consistent with the principles reaffirmed in *Richardson v. Robbins Lumber, Inc.*, Me., 379 A.2d 380 (1977). The Commissioner's ruling implicitly rejected the employer's factual argument that the December 6 bending incident was the primary cause of the employee's disability.[2]

The entry will be:

Appeal denied.

The decree of the Industrial Accident Commission affirmed.

Further ordered that the appellant pay to the appellee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

DELAHANTY, J., did not sit.

---

**2.** As we did in *Guerrette v. Fraser Paper*, Me., 348 A.2d 260, 262 (1975), we must again deplore the Commission's practice of reciting testimony presented before it, without specifically adopting or rejecting such testimony. Again we emphasize that the Commission should expressly make findings of the ultimate facts upon which its order is predicated, and should not leave those findings to be arrived at by implication from the Commission's order. When such findings are not made, there is no adequate basis for appellate review.