**Richard D. McLAREN**

v.

**WEBBER HOSPITAL ASSOCIATION**
**and/or St. Paul Mercury**
**Insurance Company.**

Supreme Judicial Court of Maine.

May 25, 1978.

Reef & Mooers by Stephen A. Johnson (orally), Norman S. Reef, Portland, for plaintiff.

Preti & Flaherty by Keith A. Powers (orally), Robert E. Burns, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On July 10, 1975, Richard D. McLaren filed with the Industrial Accident Commission a petition for an award of compensation. After a hearing, the Commission concluded that petitioner had sustained an injury (an acute schizophrenic episode) arising in the course, and out, of his employment with Webber Hospital Association. The

Commission awarded petitioner compensation for total incapacity for the period from May 26, 1975 through October 12, 1975. The employer and its insurance carrier St. Paul Mercury Insurance Company have appealed from the judgment entered pro forma in the Superior Court on the decision of the Commission.

We deny the appeal.

In May 1975 petitioner McLaren, while employed as the Director of Social Services at the Webber Hospital in Biddeford, attended a week long sensitivity group training seminar for executive development held at the New England Center in Durham, New Hampshire. Petitioner's attendance was at the request of his employer[1] which paid all of the seminar fees as well as petitioner's regular salary while petitioner was at the seminar.

From Sunday May 19 through Tuesday May 21 petitioner had no problems participating in the small group meetings at which primarily impersonal matters were discussed. At the Wednesday sensitivity sessions, however, the discussions became concentrated on the participants' feelings about each other. At one of these meetings petitioner broke down and cried, apparently about self expectations.

After a discussion of his situation with the seminar leader petitioner decided to stay at the seminar. At breakfast on the last day of the seminar petitioner was again observed in tears. When petitioner returned to Maine after the conclusion of the seminar, he was disoriented, and soon thereafter petitioner was hospitalized at the Maine Medical Center. He was not given clearance to return to work until on or about October 13, 1975.

At the hearing, petitioner testified that he had never experienced the degree of candor and directness with which he was confronted at the sensitivity seminar. Dr. Bernard McKinnon testified that petitioner had suffered an acute (meaning "of recent origin") schizophrenic episode. In Dr. McKinnon's opinion, even though petitioner may have had a predisposition or susceptibility to schizophrenia, the special stress of the group sensitivity session was the event precipitating petitioner's psychiatric condition; petitioner crumbled under the stress of the emotionally tense atmosphere generated in the group. Dr. John Rosenberg, who treated petitioner at an institution in Connecticut, reached similar conclusions.

Appellants contend that the injury of petitioner[2] was erroneously found by the Commission to have been sustained in the course, and to have arisen out, of his employment. We disagree with appellants and decide that the Commission's conclusion was justified by the evidence.

The initial breakdown of the petitioner occurred at a time and place and in circumstances directly related to the basic activities of the sensitivity seminar. Notwithstanding that petitioner's participation in the seminar may have resulted in personal benefit to petitioner, the Commission had warrant to find that petitioner was participating in the seminar primarily to advance his employer's interests. The purpose of the sensitivity seminar was to make the participants more effective and productive in working on their jobs in groups and complex organizations. This purpose substantially related to petitioner's duties and the quality of his performance as Director of Social Services at the Webber Hospital. Because of such relationship between petitioner's participation in the seminar and the duties of his employment, and because the employer saw fit to pay not only the seminar fees but also petitioner's regular salary while petitioner was in attendance at the seminar, the Commission was justified in concluding that the injury to petitioner occurred in the course of his employment.

---

1. The evidence also warranted the Commissioner's finding that petitioner's participation in the sensitivity training session was for the "distinct purpose of benefiting the Webber Hospital."

2. Appellants do not dispute that petitioner sustained a personal injury.

Defendant further contends, however, that even if petitioner's injury was sustained in the course of employment, the evidence does not support a finding that it arose out of the employment. The contention fails.

 An injury arises out of employment where a proximate causal connection exists between the circumstances of employment and the injury. *Barrett v. Herbert Engineering, Inc.,* Me., 371 A.2d 633 (1977); *Westman's Case,* 118 Me. 133, 143, 106 A. 532 (1919). The ex'stence of a pre-existing condition or weakness, or a "personal risk" (see 1A Larson, The Law of Workmen's Compensation § 38.83), does not change the basic rules as to proximate causation; rather it only makes application of those rules a somewhat more complex task. As we said in *Canning v. State Department of Transportation,* Me., 347 A.2d 605, 609 (1975):

> "An employee is, of course, entitled to compensation for a disability proximately caused by his employment regardless of whether his condition at the time of injury was average or subnormal. Thus, a work injury that aggravates a pre-existing condition is compensable even though a physically normal employee would have been unaffected, provided the injury occurs under conditions that would otherwise entitle the employee to compensation."

We had further explained in *Barrett v. Herbert Engineering, Inc.,* Me., 371 A.2d 633, 636 (1977):

> "It is true that the employer takes the employee as he finds him, but, even so, where the employee already suffers from a preexisting infirmity in dormant stage, its activation or exacerbation from an asymptomatic condition to a symptomatic one during the course of the employment is not compensable . . . unless the flare up arises out of the employment, meaning that it must be traced to the employment as a contributing proximate cause, and not be solely due to a hazard to which the workman would have been equally exposed apart from the employment."

■ In the instant case, while petitioner's susceptibility to schizophrenia may have been a pre-existing factor contributing to his acute schizophrenic episode, the medical testimony justified the Commission's finding that the emotionally tense atmosphere and the special type of stress involved in the group sensitivity session was a precipitating factor proximately causing petitioner's injury and, therefore, the injury arose out of petitioner's employment.

The entry is:

Appeal denied.

Judgment affirmed.

Further ordered that appellants pay to the appellee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.