Henry COTY

v.

## TOWN OF MILLINOCKET and Employers Fire Insurance Company.

Supreme Judicial Court of Maine.

Oct. 23, 1978.

Gross, Minsky, Mogul & Singal, P. A. by George Z. Singal (orally), David C. King, Bangor, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The employee, Henry Coty, brings this appeal from a decision of the Industrial Accident Commission [1] denying him the relief he sought on his petition for further compensation, filed December 6, 1977. A pro forma judgment of the Superior Court (Penobscot County) has affirmed that decision. The sole issue is whether there was competent evidence to support the decision denying him further compensation.

We deny his appeal.

In the course of his employment as a laborer by the Town of Millinocket on September 18, 1973, Coty had broken his right leg at the knee. By agreement this had been treated as a compensable injury. The evidence is uncontroverted that the functioning of the knee is still impaired. The employee is twenty-three years old and has a ninth grade education. His job skills are as a construction laborer and truck driver. During part of 1977 he held a job as a truck driver until he was laid off because his employer did not operate in the winter. He has received unemployment compensa-

1. Effective July 6, 1978 the name of the Industrial Accident Commission was changed to Workers' Compensation Commission. P.L. 1978, ch. 612.

tion due to this employment.[2] The evidence shows he is able to function as a truck driver without limitation by his knee injury.

Following his lay-off Coty sought employment at eleven businesses without success. By his own statement none of these employers were hiring anyone as truck drivers during this period of November and December of 1977.

On these facts the Commission found that the employee had not met his burden of showing either total or partial disability. The burden of proof in a proceeding for further compensation initially is on the moving party; here, the employee had the burden of showing his entitlement to further compensation. *Baker's Case,* 143 Me. 103, 108, 55 A.2d 780 (1947). The Commission's findings of fact are final if supported by competent evidence and reasonable inferences which may be drawn therefrom.

The burden of proving the absence of any competent evidence before this Court rests with the Appellant. However, our Court will evaluate independently the reasonableness of the ultimate conclusions reached by the Commission based upon its findings, giving due deference to its expertise in the area. *See Ugarek v. St. Regis Paper Co.,* Me., 383 A.2d 1092 (1978); *Jacobsky v. D'Alfonso & Sons, Inc.,* Me., 358 A.2d 511, 513 (1976).

Upon the record before us Coty cannot be said to have met his initial burden of proving his total disability. Clearly his injury did not physically prevent him from engaging in gainful employment. Further, he failed completely to show a lack of suitable employment opportunities due to his limited or partial physical incapacity. Rather, the record strongly suggests that his inability to find employment was the result of a general unavailability of jobs in the Milli-

nocket area, not his own physical limitations.

Thus, neither of the two tests for total disability set forth in *Bowen v. Maplewood Packing Co.,* Me., 366 A.2d 1116, 1118 (1976), was met. The Commission concluded that total disability had not been proven, and the employee has failed to show that the record before it did not warrant such a conclusion.

The employee has also failed to meet his burden on appeal with respect to the Commission's other findings. He produced no evidence linking his failure to obtain work to a physical limitation. He did not show or attempt to show that he would be employed in construction work but for the injury. There was no evidence that his earning capacity was diminished because he was unable to do construction labor. *Cf. Theriault v. Walsh Const. Co.,* Me., 389 A.2d 317, 320 (1978).

In this situation Professor Larson states that the test should be that loss of employment should not be deemed due to disability if a worker without the disability would lose employment or suffer a reduction in earnings under the same economic conditions. 2 A. Larson, *The Law of Workmen's Compensation* § 57.63, p. 10–147 (1976). *See also Catuto v. Monocraft Products Co.,* 105 R.I. 253, 251 A.2d 165 (1969); *Miller v. O'Hearne,* 181 F.Supp. 105 (D.Md.1960).

Here there was competent evidence in the record to support the conclusion that this employee's failure to obtain employment and loss of his prior job were part of a general business slowdown. Thus the employee was properly found to be in the same position as a worker without disability. His situation was the same as all other unemployed truck drivers who were at that time unable to obtain work.[3]

---

2. The Commission properly did not rely heavily on Coty's receipt of unemployment compensation as determinative of his right to workers' compensation. *See Page v. General Electric Co.,* Me., 391 A.2d 303 (1978). Workers' compensation and unemployment compensation are not mutually exclusive although there is considerable tension between the two systems.

*See* 2 A. Larson, *The Law of Workmen's Compensation* § 57.65, p. 10–157 (1976). Receipt of unemployment compensation would be proper evidence of some ability to work.

3. The Commission is not required by statute to find the facts specially and to state separately its conclusions of law thereon until and unless

The employee's suggestion that this case is analogous to *Bowen v. Maplewood Packing Co.,* Me., 366 A.2d 1116 (1976) is without merit. In *Bowen* the employee was told by prospective employers that "there was no work available for a man with his injury." *Id.* at 1117. The employee here has only shown there was no work available in his area for any truck driver. *Cf. Oliver· v. Wyandotte Indus. Corp.,* Me., 360 A.2d 144 (1976).

The entry will be:

Appeal denied.

Judgment affirmed.

It is further ordered that the Employer pay to the Employee $550.00 for his counsel fees plus his actual reasonable out-of-pocket expenses of this appeal.

ARCHIBALD, J., did not sit.

a party moves for such within 10 days after notice of a decision. 39 M.R.S.A. § 99 as amended by P.L.1977, ch. 632. Nevertheless,

the Commission may do so upon its own motion, and often such findings of fact are essential to an adequate basis for appellate review.