Philip J. FITZHERBERT

v.

BLUE ROCK INDUSTRIES et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1981.

Decided Nov. 5, 1981.

Mark E. Susi (orally), Gregory J. Farris, Gardiner, for plaintiff.

Wheeler, Arey & Millett, P. A., James E. Millett (orally), Waterville, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

MEMORANDUM OF DECISION.

Employer Blue Rock seeks reversal of a Workers' Compensation Commission decree awarding employee Fitzherbert further compensation. The commissioner found that Fitzherbert's disability was causally related to his work injury. We must sustain that finding if it is supported by competent evidence in the record. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 517 (1980). In the evidence two physicians gave opinions strongly suggesting that the disability was causally related to the injury, while a third denied the causal connection. It is for the commissioner to determine weight and credibility of conflicting evidence. *O'Brian v. Walt's Services*, Me., 402 A.2d 470 (1979) (per curiam). Besides the doctors' opinions there was other evidence to support the commissioner's finding, especially when proper deference is given to the commissioner's expertise as a member of a specialized tribunal. *Dunton v. Eastern Fine Paper Co., supra* at 514–15. Although there are suggestions in the record that Fitzherbert had medical problems that predisposed him to the condition that eventually disabled him, he did not have to prove that the work-related injury was the sole cause of his disability. *Richardson v. Robbins Lumber, Inc.*, Me., 379 A.2d 380, 382 (1977); *Canning v. State Department of Transportation*, Me., 347 A.2d 605, 609 (1975). We find no error.

The entry is:

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.