Howard M. IBBITSON

v.

The SHERIDAN CORPORATION

and

American Mutual Liability Insurance
Company.

Supreme Judicial Court of Maine.

Argued June 9, 1983.

Decided Aug. 2, 1983.

Alan C. Sherman (orally), Waterville, for plaintiff.

Mitchell & Stearns, Stephen J. Burlock (orally), Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

GODFREY, Justice.

Employee Howard Ibbitson appeals from a judgment of the Appellate Division of the Workers' Compensation Commission (Appellate Division) affirming a single Commissioner's decision which terminated the payment of compensation benefits to Ibbitson on the ground that "the incapacity for which [he] is being compensated has ended." On appeal, Ibbitson claims that the Commissioner's conclusion is not supported by the record. He seeks reversal of the judgment of the Appellate Division and a remand for further proceedings on his cross petition for review of incapacity. We sustain Ibbitson's appeal, reverse the judgment of the Appellate Division and remand for further proceedings.

On January 17, 1979, Ibbitson was injured in the course of his employment as a construction worker for the Sheridan Corporation when a plank fell and struck him on the head and shoulder. On March 8, 1979, the Industrial Accident Commission approved an agreement between Ibbitson and his employer that he would be paid compensation for total incapacity from the date of the injury. Less than three weeks later, the employer filed a petition for review of incapacity, pursuant to 39 M.R.S.A. § 100 (1978),[1] seeking to modify its duty under the March 8th agreement. After a hearing, the Commission, deciding that Ibbitson's condition had improved, reduced his compensation to fifty percent disability as of September 21, 1979. The record does not reveal the Commission's findings as to the nature of the injury at that time. On appeal by Ibbitson, this Court affirmed the pro forma judgment of the Superior Court affirming the Commission's decision. *Ibbitson v. Sheridan Corp.,* 422 A.2d 1005 (Me. 1980). The only issue raised on that appeal was whether "the Commission erred in evaluating the function, and in consequence the adequacy, of evidence presented by [Ibbitson] as to his efforts to find remunerative work." *Id.* at 1007.

On April 21, 1981, the employer filed a second petition for review of incapacity, seeking to modify its duty under the last decree by the Commission. One week later, Ibbitson filed a cross-petition for review of incapacity. A hearing was held on July 16, 1981, in Waterville, Maine, at which Dr. James Butler and Ibbitson testified concerning Ibbitson's disability.

Dr. Butler, an orthopedic surgeon, testified that he first examined Ibbitson eight days after he sustained the injury at work. At that examination, Ibbitson complained that he had been suffering from some pain and discomfort in his shoulders for at least twelve weeks before the examination. On the basis of x-rays taken at that examination, Dr. Butler determined that Ibbitson had suffered from an osteoarthritic condition of the upper and mid-dorsal spine prior to the work incident. It was Dr. Butler's diagnosis that the work incident caused an acute ligamentous strain of Ibbitson's upper and mid-dorsal spine and also aggravated the preexisting osteoarthritic condition in that area. He did not know to what extent the preexisting condition had troubled Ibbitson before the accident but stated that "since the time of the injury he's had increasing symptoms."

Dr. Butler last examined Ibbitson in December of 1980. On the basis of that exam-

1. When the petitions for review of incapacity were filed in this case, the statute provided in part:

   While compensation is being paid ... under any agreement, award, or decree, the incapacity of the injured employee due to the injury ... may from time to time be reviewed by a single Commissioner ... upon the grounds that such incapacity has subsequently increased, diminished or ended ....

Effective April 16, 1982, the statute was repealed and replaced by 39 M.R.S.A. § 100 (Supp.1982) which provides in relevant part: "*Relief Available.* Upon the petition of either party, a single commissioner shall review any compensation payment scheme required by this Act for the purposes of ordering the following relief, as the justice of the case may require: A. Increase, decrease, restoration or discontinuance of compensation ...."

ination, he stated his opinion that Ibbitson's incapacity remained essentially unchanged from the time of the first examination. At the December, 1980, examination, he advised Ibbitson that he should not lift anything greater than fifteen to twenty pounds or perform work requiring him to lift his arms over his shoulders or head. Even though Ibbitson's condition had remained essentially unchanged since the January, 1979, examination, Dr. Butler testified that the ligamentous strain would have resolved itself sometime before the December, 1980, examination. After testifying that the ligamentous strain had long since resolved itself, Dr. Butler gave the following key testimony: "I think most of his [Ibbitson's] problem at the present time, to answer all the questions really, is stemming from a pre-existing condition of his spine which has been aggravated, made worse possibly, by the injury in question. Although how much more, I really don't know." Responding to further questioning by the employer, he shortly thereafter stated that "the arthritic condition in his spine has been aggravated to a certain extent by the injury that he incurred, and a person doesn't get any younger, and as we age, the arthritis usually gets worse, so it may not all be due to the injury at work. It may be due to—just to the process of aging, and also possibly to inactivity." Finally, Dr. Butler stated he would not have placed any work limitations on Ibbitson before the injury because, although he was not completely asymptomatic, he was not having problems performing his work.

Ibbitson testified that activities such as lifting and carrying aggravated his condition and caused him considerable pain. He did not believe that his condition had improved much, if at all, since September of 1979. He also testified about his unsuccessful efforts to find employment.

On August 5, 1981, the Commissioner ruled that Ibbitson's incapacity had ended and ordered the termination of his compensation benefits. Ibbitson duly moved for findings of fact and conclusions of law. The Commissioner set forth his findings on January 29, 1982, concluding that "the employee ha[d] recovered his pre-accident work capacity." He based that conclusion on his finding that "the employee sustained a ligamentous strain at work on January 17, 1979, and ... that this ligamentous strain has resolved itself." Ibbitson's appeal to the Appellate Division was denied on the ground that competent evidence of record supported the Commission's findings. We granted Ibbitson's petition for appellate review on March 17, 1983.

On the present appeal, we are reviewing the Commissioner's decision granting the employer's petition for review of incapacity.[2] The key issue before the Commissioner was whether there had been a change in circumstances since the earlier determination that Ibbitson was entitled to compensation on the basis of fifty percent disability. *Dufault v. Midland Ross of Canada, Ltd.,* 380 A.2d 200, 203 (Me.1977). As petitioner, the employer had the burden of showing either that Ibbitson's work incapacity had diminished or ended or that the cause of his continuing disability had changed. *Id.* In other words, the employer had the burden of demonstrating "by a fair preponderance of the evidence that the effect of the accident ha[d] ended." *Soucy v. Fraser Paper, Ltd.,* 267 A.2d 919, 921 (Me. 1970).

The factual basis for the Commissioner's decision to terminate Ibbitson's compensation benefits is not clear. A reading of his findings of fact and conclusions of law reveals two possible bases for his conclusion that the incapacity for which Ibbitson was being compensated had ended. Neither basis is tenable, however.

First, the Commissioner expressly decided that Ibbitson "has recovered his pre-accident work capacity." On the basis of the

---

**2.** Because of the Commissioner's ruling in the instant case, he did not find it necessary to address the merits of Ibbitson's cross-petition.

evidence before the Commissioner, this conclusion is clearly erroneous. Only Dr. Butler and Ibbitson testified before the Commissioner concerning Ibbitson's disability. Dr. Butler testified that, although Ibbitson's preexisting osteoarthritic condition had not been completely asymptomatic, that condition did not limit Ibbitson's capacity to work until it was aggravated by the work accident. He further testified that Ibbitson's physical condition had remained essentially unchanged between January of 1979 and December, 1980. Ibbitson testified that his condition had not improved much, if at all, since September of 1979. There was no evidence from which the Commissioner could have concluded that Ibbitson had regained his pre-accident work capacity. The Commissioner's decision cannot be affirmed on that basis.

In view of the evidence before the Commissioner and the findings on which he based his decision, it is more likely that he decided that the work-related injury had ceased to be a contributing factor to Ibbitson's incapacity. The employer offered no direct evidence to prove that Ibbitson's incapacity had ceased or diminished. Rather, by pointing to evidence tending to show that Ibbitson suffered a ligamentous strain as a result of the work injury and that the strain had resolved itself, the employer attempted to prove that the work-related injury was no longer causing Ibbitson's incapacity. The Commissioner ruled in favor of the employer and expressly based the decision on his finding that "the employee sustained a ligamentous strain at work on January 17, 1979, and . . . that the ligamentous strain has resolved itself." On appeal, the employer argues that competent evidence supports those findings and therefore the Commissioner properly terminated Ibbitson's benefits. Although we agree with the employer that those findings are supported by competent evidence, it was error for the Commissioner to terminate Ibbitson's benefits solely on the basis of those findings.

■ Dr. Butler testified that the work incident not only caused a ligamentous strain to Ibbitson's upper and mid-dorsal spine but also aggravated a preexisting osteoarthritic condition of that area. Although the ligamentous strain had resolved itself sometime before October 1, 1979, Dr. Butler stated his opinion that Ibbitson's current incapacity was caused, at least in part, by the aggravation of his preexisting condition. Our prior cases make it clear that "an employee is entitled to disability compensation for any period of disability that is shown to result from the combined effects of work-related activity and a preexisting condition of the employee." *Bryant v. Masters Machine Co.,* 444 A.2d 329, 335 (Me.1982); *see also Canning v. State Department of Transportation,* 347 A.2d 605, 609 (Me.1975); *Soucy,* 267 A.2d at 922. Even though the preexisting condition is not completely asymptomatic before the work-related incident, the employee is entitled to benefits "at least for the period during which the impact and the condition combine to produce some disability." *Bryant,* 444 A.2d at 335; *see also Canning,* 347 A.2d at 609; *Soucy,* 267 A.2d at 921.

■ In view of Dr. Butler's testimony that the work accident not only caused a ligamentous strain but aggravated or "lit up" a preexisting condition, the Commissioner's findings did not completely answer the question whether the work incident had ceased to be a factor contributing to Ibbitson's continuing incapacity. Merely finding that the ligamentous strain had resolved itself did not conclusively establish that the work injury had ceased to have an effect on Ibbitson's condition. It is clear from the record that the evidence was, as a matter of law, inadequate to meet the employer's burden of proving that the work-related aggravation of the preexisting condition had ceased. *See Soucy,* 267 A.2d at 923. The only evidence of record bearing on that issue was Dr. Butler's opinion that the work incident aggravated the employee's osteoarthritic condition to some extent and that it may have still been a causative factor of his present incapacity. Accordingly, we must reverse the decision of the Appellate Divi-

sion affirming the Commissioner's termination of Ibbitson's benefits.

On remand, the Commission must address Ibbitson's cross-petition for review of incapacity.

The entry is:

Judgment of the Appellate Division reversed.

Case to be remanded to the Commission to (1) deny the employer's petition for review of incapacity, and (2) address the employee's cross-petition.

It is further ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.