Martha FLANIGAN

v.

AMES DEPARTMENT STORE

and

MGA Insurance Services.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1994.

Decided Jan. 4, 1995.

Justin W. Leary (orally), Laskoff & Sharon, Lewiston, for employee.

Jeffrey M. Sullivan (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for employer.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

█ This appeal arises from a decision of the Appellate Division affirming a decision of the Workers Compensation Commission that granted the employer's petition for review. The Commission ruled that the employee was required to produce evidence of a work-search for employment at 40 hours a week to satisfy her burden of production on the employer's petition for review because she had accepted a reinstatement position at hours that were reduced solely for economic reasons. Pursuant to *Fecteau v. Rich Vale Construction, Inc.*, 349 A.2d 162, 166 (Me.1975),

the employee's post-injury reinstatement employment satisfied her burden of production. Accordingly, we vacate the decision of the Appellate Division and remand to the Workers' Compensation Board with instructions to deny the employer's petition for review.[1]

On May 16, 1990 Martha Flanigan suffered a work-related shoulder-injury while working full-time (forty hours per week) at Ames Department Store. Flanigan received total incapacity benefits until February, 1991, when she returned to work for Ames under light-duty work restrictions that included a prohibition against heavy lifting, carrying more than six pounds, lifting objects above shoulder-level and working in cold or drafty areas. For economic reasons unrelated to Flanigan's work-limitations, the reinstatement position was thirty hours per week.

At the hearing on the employer's petition for review, neither Ames nor Flanigan presented labor market evidence addressing the availability of work within Flanigan's work restrictions. The Commission ruled that "[a]lthough the employee still has significant restrictions with respect to her compensable injury, the evidence is persuasive that those restrictions do not play a real or actual role in her current reduced earnings. Instead, her reduction in income is because of unrelated economic circumstances."

■ Viewing the Commission's decision as premised on a finding of full earning capacity, the Appellate Division ruled that there was competent evidence to support the Commission's finding. The employer had accommodated the employee's physical restrictions. She would have been willing to try 40 hours per week at Ames if all office workers were not limited to 30 hours because of economic circumstances. Most importantly, "[t]he employee made no effort to look for additional work for the ten hours less per week she was working." Echoing the position of the Commission, the Appellate Division held that the

analysis in *Fecteau,* 349 A.2d 162, was "not ... applicable in this case since the reason for the employee's loss of wages was the economic downturn."

In *Fecteau,* we held that when an employee has obtained post-injury employment and is earning substantial wages, those post-injury wages constitute prima facie evidence of earning capacity and the employee is not required to produce additional evidence of work-search. *Id.* at 166. Because the employer bears the ultimate burden of proof on its petition for review, the employer has the burden "to come forward with evidence that regular employment paying wages higher than those being earned by the employee, and compatible with the employee's limited physical capacity to work, was reasonably available to the employee." *Id.*

■ Ames avoided this burden below by convincing the Commission to infer that if Flanigan was physically capable of working 40 hours per week at Ames (and the Commission so found), she was also capable of finding other employment at 40 hours per week in the labor market in her community. We reject this inference. "We have long recognized that incapacity to earn includes 'not merely want of physical ability to work but lack of opportunity to work.'" *Warren v. Vinalhaven Light & Power Co.,* 424 A.2d 711, 714 (Me.1981), *quoting Ray's Case,* 122 Me. 108, 110, 119 A. 191 (1922). Even if Flanigan were physically capable of working forty-hours per week in a job specially tailored to her work-restrictions at Ames, her post-injury employment at Ames may have still reflected accurately her earning capacity if other employment within her physical restrictions was unavailable to her. *See Warren,* 424 A.2d at 714. Since earning capacity involves *both* physical capacity and the availability of work, an employee's physical ability to perform a more strenuous, hypothetical job with her current employer is not grounds

1. Because the Commission proceeding preceded the effective date of Title 39–A, the issue is governed exclusively by the former Act. *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 627–28 (Me.1994); *Maine Workers' Compensation Act of 1992,* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Furthermore, the 1991 amendments to sections 55–B and 100 which specifically address

the burdens of proof on a petition for review do not apply to this appeal because the proceeding was pending on the effective date of those amendments. *Tompkins v. Wade & Searway Constr. Corp.,* 612 A.2d 874, 879 (Me.1992); P.L. 1991, ch. 615, §§ D–7, D–25 (effective October 17, 1991), *codified as* 39 M.R.S.A. §§ 55–B(1) & 100 (Supp.1992).

for departing from the *Fecteau* rule. Pursuant to *Fecteau,* Ames had the burden to come forward with evidence that other, higher paying work within her community was actually available to Flanigan within her work-restrictions.

The fact that Flanigan's reduced post-injury earnings at Ames were the result of "economic conditions" does not change this conclusion. An employee is only entitled to compensation for wages that are lost "due to the injury," and not due to general economic conditions. 39 M.R.S.A. § 55–B (1989) *See Coty v. Town of Millinocket,* 393 A.2d 156, 157 (Me.1978); 1C A. Larson, *The Law of Workmen's Compensation,* § 57.63, at 10–492.11 (1993). Our decisions make clear that even if economic conditions had caused Ames to terminate Flanigan's employment entirely, she might still be entitled to compensation for lost earning capacity if there was a causal connection between her work-related disability and her inability to find work within the general labor market. *See Hardy v. Hardy's Trailer Sales, Inc.,* 448 A.2d 895, 898–99 (Me.1982); *Mailman v. Colonial Acres Nursing Home,* 420 A.2d 217, 220 (Me.1980); *Rugan v. Dole Co.,* 396 A.2d 1003, 1005 (Me. 1979); *Coty,* 393 A.2d at 157.

In this case, Ames has only shown that adverse economic conditions resulted in reduced working hours at its own company. This evidence does not establish the general unavailability of work in the community due to economic conditions, nor does it establish that Flanigan would have been unable to find other employment due to those economic conditions rather than any physical restrictions resulting from the injury. The fact that Flanigan's hours were reduced for economic reasons at Ames is only marginally relevant to the question of Flanigan's earning capacity in the labor market in her community. Therefore, we see no reason to depart from the *Fecteau* rule that the employer filing a petition for review has the burden of showing the availability of employment within the employee's work-restrictions.

■ Ames further contends that post-injury employment should constitute prima facie evidence of earning capacity only in cases in which the employee has obtained work from other than his or her pre-injury employer, apparently on the theory that only in those cases can it be inferred that the employee has conducted a reasonable work-search. This argument is unpersuasive. The fact that an employee obtains post-injury work outside his or her pre-injury employment does not necessarily imply that the employee has conducted a thorough work-search. More importantly, this argument misperceives the rationale for the *Fecteau* rule, which is based on the premise that it is not fair to shift the burden of showing the unavailability of work to the employee on an employer's petition for review, when the employee is already earning substantial post-injury wages and is only entitled to receive partial incapacity benefits as a result of the injury, rather than on a presumption that the employee has actually conducted an exhaustive work-search. *Fecteau,* at 165–166. The rationale of *Fecteau* remains compelling here:

> We deem … both unreasonable and unfair the position for which the employer here contends:—that notwithstanding that it is shown that the employee is working and earning substantial wages, the employee has a further burden to come forward with evidence that reasonable efforts by him to obtain work have shown the job at which he is in fact working to be the most productive employment available to him. We decide that since the ultimate burden of proof to establish the extent of partial incapacity is upon the employer who has petitioned for a review of incapacity, in the situation now before us the job at which the injured employee is in fact working and the income it produces provide a legally sufficient basis to support a Commission determination as to the extent of partial incapacity in terms of weekly compensation. If the employer who is petitioning for review would have it otherwise, it is for such petitioning employer, as incident of the discharge of his ultimate burden to prove the extent of partial incapacity in terms of weekly compensation, to come forward with evidence that regular employment paying wages higher than those being earned by the employee, and com-

patible with the employee's limited physical ability to work, was reasonably available to the employee.

*Id.*

Pursuant to *Fecteau,* Flanigan's post-injury earnings constituted prima facie evidence of her post-injury earning capacity. She did not have to provide evidence of a work-search for employment at 40 hours per week to meet her burden of production on the employer's petition for review. As a matter of law, Ames could not prevail on its petition for review without providing evidence concerning the availability of work in the relevant labor market.

The entry is:

The decision of the Appellate Division is vacated. Remanded to the Workers' Compensation Board with instructions to deny the employer's petition for review.

All concurring.