STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-82
DHM- 8/3/2000

MICHAEL DRAKE,

Petitioner

v.

DECISION AND ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

This matter is before the court on petitioner's M.R. Civ. P. 80C appeal from the Commission's reconsideration decision to retroactively apply 26 M.R.S.A. § 1051 to future benefits petitioner may receive.

On February 4, 1997, the Maine Unemployment Insurance Commission established, and this court affirmed, that the petitioner had previously been overpaid unemployment benefits in the amount of $4,344. Approximately two years later, the 199th Maine Legislature enacted 26 M.R.S.A. § 1051(9) and amended 26 M.R.S.A. § 1051(7) to be effective **September 18, 1999.** The effect of the laws was to increase the amount the Commission could set-off against any future benefits of those who had received overpayments.[1] Also, the new laws had the effect of imposing a 1% per month interest charge on all outstanding overpayments until all overpayments and interest was remitted in full. Petitioner requested a waiver of the overpayments which the Commission denied. Petitioner then appealed the

---

[1] Specifically, the statute provides that deductions from future benefits is limited to not more than 10% of the first $100 and 50% of any amount above $100 of any weekly benefit payment otherwise due the claimant. 26 M.R.S.A. § 1051(7).

decision which was affirmed by the Commission. The Commission for the first time in its reconsideration asserted that it would enforce the newly amended 26 M.R.S.A. § 1051(7) against petitioner. Petitioner now appeals pursuant to M.R. Civ. P. 80C claiming that the retroactive application of this statute is unconstitutional.

At oral argument, petitioner withdrew appeal of the issue of the amount which may be withdrawn, i.e., the "cap." Accordingly, he now only pursues his challenge to the retroactive applicability of the statutory provision with respect to interest.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). Inasmuch as there is no issue of fact in dispute, this court examines the decision of the agency in the context with compliance with the law.

The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *CWCO, Inc v.*

*Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. *See also Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985) (stating that the "reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did").

Respondent avers that this court should not hear this case because it is not yet ripe for review. The respondent claims that it did not ground its holding on the interest rate provision in its reconsideration decision but merely on the set-off provision, and, because petitioner did not raise the issue below, he may not argue it on appeal. This court disagrees. First, there is some dispute as to whether the petitioner raised either provision on appeal since the respondent's reliance on the new and amended provisions were raised in its reconsideration decision for the first time. Also, it is not clear that petitioner would have the right to appeal the issue of application of these provisions retroactively. In any case, the Unemployment Insurance Commission has made clear by its reconsideration decision that it plans to set-off in accordance with the amended law to apply retroactively to petitioner. This makes petitioner's attempt to appeal the issue to the Commission futile (assuming arguendo that he could do so). Therefore, requiring him to exhaust his administrative remedies is unnecessary.

To determine if an issue is ripe for review, the court focuses on "the fitness of the issue for judicial decision and the hardship to the parties of withholding court

consideration." *Maine Public Service v. P.U.C.*, 490 A.2d 1222, 1221 (*quoting Abbott Lab.*, 387 U.S. at 149, 87 S.Ct. 1507).

In consideration of principles of judicial economy and mindful of the deference afforded an administrative agency, this court heard arguments on the interest provision. This provision does, in fact, impose a direct, immediate, and continuing impact on the petitioner.[2] A long held exception to the doctrine of exhaustion of administrative remedies is where the questions involved are questions of law only which the courts must ultimately decide. *See Churchill v. S.A.D. # 49 Teachers Ass'n.*, 380 A.2d 186, 190 (Me. 1977). Here, the central question on appeal is legal only, to wit; whether these new and revised statutory provisions can be applied retroactively. As such, the special expertise of the administrative agency would be of no significant benefit. *See Stanton v. Trustees of St. Joseph's College*, 233 A.2d 718, 724 (Me. 1963). Finally, petitioner is aggrieved as required for judicial review from final agency action. 5 M.R.S.A. § 11001.

This analysis requires a determination of two subtle but related issues. First, whether this application may be considered retroactive. Second, whether the Legislature intended the legislation to be applied retroactively. The Law Court has held that a statute is considered retroactively applied "when applied so as to determine the legal significance of acts or events that occurred prior to its effective date . . . ." *Terry v. St. Regis Paper Co.*, 459 A.2d 1106, 1109 (Me. 1983) (*quoting Coates*

---

[2] The respondent states in brief (p. 5) that the Benefits Division has no intention of charging petitioner with interest on the outstanding overpayments. However, it is unclear to this court how the division will set-off any future benefit payments without imposing the interest amounts now required by statute.

4

*v. Maine Employment Security Commission*, 406 A.2d 94, 96 (Me. 1979); *quoting State Commission on Human Relations v. Amecon Division of Litton Systems, Inc.,* 278 Md. 120, 123, 360 A.2d 1, 3-4 (Md. 1976)).

As to the first, the statutory provision dealing with the accrual of interest on all outstanding overpayments appears to determine the legal significance of acts which occurred prior to the statute's effective date. That statute has currently had the effect of adding $500 to the sum already owed by petitioner. This may fairly be characterized as a retroactive application.

As to whether the Legislature intended a retroactive application, the court is aided by "the fundamental rule of statutory construction strictly followed by . . . [the Law Court] that all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Coates v. Maine Employment Comm'n et al.,* 406 A.2d 94 (Me. 1979) (*quoting Miller v. Fallon,,* 183 A. 416, 417 (Me. 1936)); *see also Bowman v. Geyer,* 143 A. 272, 273-74 (Me. 1928). The Law Court has stated that it would apply the rule of construction favoring prospective application "in the absence of *strong, clear and imperative language indicating a legislative mandate that the new legislation be given retrospective applicability.*" *Barrett v. Herbert Engineering, Inc.,* 371 A.2d 633, 635 n. 1 (Me. 1977) (emphasis added). The legislative records involving the amendment and creation of the provisions at issue contain no language which would indicate an intention to apply this law retroactively, much less the "strong, clear and imperative language" necessary for such a

5

conclusion. *Id.* Therefore the interest rate portion of the statute cannot be applied to petitioner.

For all the foregoing reasons, the entry will be:

The reconsideration decision of the Maine Unemployment Insurance Commission is REVERSED; the interest provisions of 26 M.R.S.A. § 1051(9) effective September 18, 1999, accruing on unemployment benefit overpayments at the rate of 1% per month shall be not retroactively applied against the $4,344 overpayment determined by the Commission decision No. 99-W-05928 dated October 7, 1999, reconsidering Commission decision No. 99-W-04859 denying claimant's request for waiver.

Dated: August 30, 2000

Donald H. Marden
Justice, Superior Court

6

Date Filed __11/9/99__      __Kennebec__      Docket No. __AP99-82__

County

**J. MARDEN**

Action __Petition for Review__

80C

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

| Michael Drake | vs. Maine Unemployment Insurance Commission |

Plaintiff's Attorney Joseph M O'Donnell Esq 12/27/99

Patrick F. Ende, Esq. (co-counsel)
P.O. Box 5347
Augusta, Maine 04332-5347

Defendant's Attorney

Elizabeth J. Wyman, AAG
Pamela A. Waite, AAG
State House Station #6
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 11/10/99 | Petition for Review M.R.Civ.P. 80C with Attached Exhibits A& B, filed. s/Ende, Esq. |
| 11/18/99 | Letter entering appearance, filed. s/Wyman, AAG |
| 11/19/99 | Motion to Specify the Future Course of Proceedings, filed. s/Ende, Esq. |
| 11/23/99 | MOTION TO SPECIFY THE FUTURE COURSE, Studstrup, J. SO ORDERED. Copies mailed to attys of record. |
| 12/16/99 | Administrative Record, filed. s/Wyman, AAG. |
| 12/27/99 | Letter entering appearance filed. s/O'Donnell Esq |
| 1/20/00 | Petitioner's Brief, filed. s/Ende, Esq. (filed 1/19/00) |
| 2/22/00 | Brief of respondent Maine Unemployment Insurance Commission filed. s/Wyman AAG |
| 3/7/00 | Reply Brief of Petitioner, filed. s/Ende, Esq. |
| 6/23/00 | Motion for Continuance of Oral Argument, filed. s/Waite, AAG. Proposed Order, filed. Notice of setting for __7/6/00__ sent to attorneys of record. |
| 6/26/00 | ORDER ON MOTION TO CONTINUE, Marden, J. Continued to the next available motion day. Copies mailed to attys of record. |
| 8/29/00 | Hearing had on oral arguments with Justice Donald Marden, presiding. Tape #541 Index 2426-2927 Patrick Ende, Esq. for the Plaintiff and Elizabeth Wyman, AAG for the State. |