Everett C. TERRY, Petitioner,

v.

LEE C. MOORE CORPORATION and Liberty Mutual Insurance Company, Respondents.

No. 40017.

Supreme Court of Oklahoma.

April 23, 1963.

Rehearing Denied June 11, 1963.

Frank R. Hickman and Orlin Woodie Hopper, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymous & Holloway, Philip N. Landa, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

Claimant seeks review of an adverse decision by the State Industrial Court finding that he "has not suffered a change in condition" since the last prior award. The sole issue before us is whether this determination is supported by competent evidence.

While engaged for the employer on October 13, 1958, claimant was standing on his tiptoes in an effort to reach a box of welding rods at the top of a high stack. The box was apparently "glued," or stuck, to the one beneath it. As he was attempting to "pry those boxes loose" he felt a "catch" in his back slightly below the belt line. He immediately experienced the on-

set of back pain and a few days later reported his injury to the employer who referred him to Drs. J and R. Early in December, 1958, he was admitted to a hospital where Dr. R carried out a myelogram. According to this physician, the test "revealed no evidence of intervertebral disc pathology or any nerve root compression." In the opinion of Dr. R the injury caused "some degree of temporary aggravation" in claimant's pre-existing arthritic condition of the spine but there was "no evidence of residual disability due to the back strain in question." Released from treatment on December 28, 1958, claimant returned to work at the beginning of the following year but remained under the intermittent care of Dr. L who first saw him on November 18, 1958. On February 29, 1960, claimant was referred by Dr. L to Dr. S, a neuro-surgeon. The latter physician hospitalized him on March 13 of that year with complaints of sudden acute back pain which radiated into the left leg. He was placed in traction for a period of approximately one week.

On April 25, 1960, claimant was granted an award for temporary disability to December 28, 1958, and for 8 per centum permanent (partial) disability to the body as a whole. The award appears to have been based on the opinion of Dr. S, who advised under the date of March 31, 1960, as follows:

"*We are unable to come to any definite conclusion that disk pathology was present, and it was not felt that surgical interference was advisable.* * * * It was felt definitely advisable that surgical interference be indefinitely postponed in this situation * * *" (emphasis ours)

The proceeding under review had its inception when claimant filed a "motion to reopen" on July 1, 1960. After hearings conducted on September 28, 1961, and December 19, 1961, the trial judge denied the claim for further compensation and his order was affirmed by the State Industrial Court en banc.

The medical evidence adduced in the present proceeding on behalf of the claimant consists of testimony and two letter-reports by Dr. S and a letter report by Dr. D. Claimant's expert proof stands *uncontroverted* as no evidence was presented by the employer in opposition to the motion to reopen.

The record reveals that since the last prior award claimant was readmitted to the hospital where Dr. S carried out another myelogram test which "suggested" the presence of a disc pathology. On the basis of this finding a laminectomy was performed by Dr. S on June 6, 1960. In its course Dr. S removed a protruded disc at the fourth lumbar interspace. Early in the spring of the following year (1961) claimant suffered a recurrence of the back and leg pain. He was again hospitalized and a myelogram was repeated. This time the test "showed a disc defect" in the third lumbar vertebra. An examination also revealed "definite signs of instability in claimant's lumbosacral area." On June 20, 1961, claimant underwent a second operation. The latter surgery resulted in the removal of the third lumbar disc protrusion and spinal fusion in the lumbo-sacral area. Both Drs. D and S attributed claimant's symptoms, therapy and surgeries to his injury of October 13, 1958.

According to the testimony of Dr. S, prior to the last award of the trial tribunal, there was not enough objective evidence to ascertain whether claimant did or did not have a disc pathology. In cases of intermittent disc protrusions, the physician added, a myelogram "one day may be positive and another day it may be negative." Although Dr. S did suspect the possibility of a disc involvement before the entry of the last award, he advised against surgical interference until the presence of this pathology could be reliably established. As a result of developments since the last award claimant's permanent disability has, in the opinion of Dr. S, increased to between 20 and 25 per centum.

The evidence so outlined is amply sufficient to show the factum of a changed

condition (a) attributable to the original injury (b) occurring since the last prior award and (c) producing increased disability.

 A change in claimant's physical condition, within the meaning of the Workmen's Compensation Act may be established when a pathology not fully ascertainable before in terms of its relation to, and effect upon, compensable disability, is shown to have manifested its presence and become detectable through a process of developments occurring subsequent to the last prior order or award. Wade Lahar Construction Company v. Howell, Okl., 376 P.2d 221, 224; Oklahoma Gas & Electric Company v. State Industrial Court, Okl., 366 P.2d 609, 613; Capitol Well Servicing Company v. Levescy, Okl., 371 P.2d 905, 909.

 Upon the occurrence of the two laminectomies performed by Drs. S and D, the impact of claimant's disc pathology upon his compensable infirmities became an established scientific fact, thus presenting for the trial tribunal's consideration a new and additional element of disability which was not, and could not have been, determined by the award of April 25, 1960. Therefore, the medical evidence produced by claimant in the present proceeding is not subject to objection that it constitutes a mere reappraisal of disability identical to that which had been adjudicated in the prior hearing. Wade Lahar Construction Company v. Howell, supra.

The trial tribunal's finding that claimant "has not suffered a change in condition" is unsupported by any competent evidence. There is hence no basis upon which to rest an order denying compensation. Bowling v. Blackwell Zinc Co., Okl., 357 P.2d 1009; see also Hamilton v. Midwestern Instruments, Inc., Okl., 371 P.2d 484; Parsons v. State Industrial Court, Okl., 372 P.2d 27, 30.

Order denying compensation is accordingly vacated and cause remanded for further proceedings not inconsistent with the views herein expressed.