Robert H. RICHARDSON, Jr.

v.

ROBBINS LUMBER, INC. and/or Commercial Union Assurance Companies.

Supreme Judicial Court of Maine.

Nov. 4, 1977.

Eaton, Glass & Marsano by Francis C. Marsano, Belfast (orally), for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), James E. Mitchell, Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

The claimant, Robert H. Richardson, Jr., appeals a pro forma Superior Court order affirming an Industrial Accident Commission decree denying him workmen's compensation benefits on two petitions for award of compensation.

We sustain the appeal and remand the case to the Commission for the taking of further evidence.

On April 15, 1974, Richardson, an employee of Robbins Lumber, Inc. (Robbins), was struck on his right side by a board while sorting lumber on a spruce chain at the Robbins yard. Experiencing severe back pain, Richardson reported the incident to the employer and on Mr. Robbins' advice took the rest of the day off. Thereafter, his employer generally assigned Richardson to less strenuous jobs, enabling him to continue on the job despite occasional pain in his legs and back when he jumped down from a forklift or attempted to lift a heavy object.

On August 7, 1974, while working at the Robbins planing mill, Richardson was struck in the back again by a piece of lumber. Once before that August incident, he had consulted Dr. John W. Wickenden, who had diagnosed his condition as degenerative disc disease, with possibly a mild herniated disc, prescribing medication and treatment accordingly. After the August incident, Richardson saw Dr. Wickenden several times, and the earlier diagnosis was confirmed. During the next several weeks Richardson continued to work, although even the lighter duties to which he was generally assigned sometimes provoked back pain requiring him to lose days from work, and in October Dr. Wickenden prescribed two weeks of full rest. Late that month, Richardson left Maine by automobile for what turned out to be two round trips to Missouri to visit his brother and look for work. On December 6, 1974, at a point in Ohio, on his second return trip from Missouri, the automobile in which Richardson was a passenger was struck from behind by a tractor-trailer, triggering a recurrence of his back pain. Dr. Wickenden again examined Richardson on December 23, 1974, and recommended a myelogram and a possible laminectomy. In February 1975 Richardson underwent two back operations for removal of a ruptured disc. Neither operation proved successful, and since March of 1975 Richardson has been totally disabled.

In April 1975 Richardson filed two petitions for award of compensation based upon the incidents occurring at work in April and August 1974. After a succession of hearings, the commissioner found the evidence insufficient to sustain either petition and order both dismissed. A pro forma order of the Superior Court was entered, from which the employee now appeals.

Before this court, the employee asserts that the commissioner predicated his decree denying compensation upon an incorrect principle of causation. Misapplication of law to established facts comprises error plainly warranting reversal. *Harlow v. Agway, Inc.,* Me., 327 A.2d 856, 858 (1974); *Crosby v. Grandview Nursing Home,* Me.,

290 A.2d 375, 379 (1972). To support his argument, the employee points to the closing paragraph of the commissioner's decree:

"We conclude that it would be merely a guess to conclude the condition that existed in January of 1975, and which was treated surgically in February of 1975, is attributable *solely* to the occurrences at work in April and August of 1974. As noted above, there were several other occurrences, particularly the automobile accident which could have well been *the proximate cause* of the back problem as it existed in January of 1975. The evidence is insufficient to sustain either Petition and, therefore, they are hereby dismissed." (Emphasis added)

The quoted language, the employee argues, wrongly requires him to prove that the employment-related incidents were the sole cause of his disability. We agree with the employee's reading of this critical language of the decree and accordingly must sustain the appeal.

■ It is settled law in Maine that an employee need not prove that a personal injury arising out of and in the course of his employment constituted the sole cause of his ultimate disability. *MacLeod v. Great Northern Paper Co.,* Me., 268 A.2d 488, 489 (1970). *See Barrett v. Herbert Engineering, Inc.,* Me., 371 A.2d 633, 636 (1977); *Oliver v. Wyandotte Industries Corp.,* Me., 360 A.2d 144, 147 (1976); *Canning v. State Dept. of Transportation,* Me., 347 A.2d 605, 609 (1975). At the outset, to prove entitlement to compensation, the employee must show that a personal injury occurred "arising out of and in the course of" his employment; in other words, he must prove a work-related injury. 39 M.R.S.A. § 51 (1973 Supp.) (amended 1975). Once the existence of a work-related injury has been established, the employer is then liable for compensation benefits for all harm flowing from the injury. *Willette v. Statler Tissue Corp.,* Me., 331 A.2d 365 (1975). Thus, if Richardson's degenerative disc condition arose out of and in the course of his employment, his employer's responsibility for compensation extends through all progres-

sive stages of deterioration. The question would be a factual one of tracing the consequences forward from the date of the original injury at work.

■ In this case, subsequent to the initial allegedly work-related injury, Richardson suffered renewed back pain following an admittedly non-work-related incident, namely, the December automobile accident. The employer argues that the later automobile accident was an independent, intervening cause sufficient to sever the causal chain set in motion by any prior work-related injury. Whether the employer is right in this argument is a question of fact to be determined by the Industrial Accident Commission, which must, in the factfinding process, be properly attentive to the controlling legal principles. Although this court has not had occasion to declare the legal principles that apply to a fact configuration identical to that presented by this case, we can readily deduce those principles from the reported decisions of this and other jurisdictions. This court has held that a doctor's negligent treatment of an original work-related injury does not relieve the employer of full liability for the resulting aggravated condition of disability. *Crosby v. Grandview Nursing Home, supra.* Similarly, other courts have held that the employee's own conduct, if he does not injure himself intentionally or recklessly, does not relieve the employer of full liability for the disability aggravated by that conduct, provided there remains a substantial causative relationship between the work-related injury and the ultimate condition. A substantial relationship exists when the employee's weakened condition due to the work-related injury is a cause of the second incident. *Carter v. Rockwood Ins. Co.,* 341 So.2d 595 (La.App.1977). The employer's liability also continues when a second non-work-related incident acts upon the employee's condition already impaired by the work incident, causing that condition to ripen to greater disability, or accelerating the arrival of a stage in deterioration which would have been likely to develop from the initial injury alone. *E.g., Rohr v. Knutson Construction Co.,* 305 Minn. 26, 232 N.W.2d 233

(1975); *Medart Div. of Jackes-Evans Mfg. Co. v. Adams,* 344 So.2d 141 (Miss.1977); *Perchelli v. Utah State Indus. Comm'n,* 25 Utah 2d 58, 475 P.2d 835 (1970).

In summary, the proper approach to the causation question requires that the commissioner first determine whether a work-related injury occurred. *Oliver v. Wyandotte Indus. Corp., supra* at 147. If that inquiry is answered in the affirmative, the critical question then becomes whether the work-related injury remained a substantial factor in causing the ultimate disability. *Cf. Wing v. Morse,* Me., 300 A.2d 491, 496 (1973).

■ The language of the commissioner's decree manifests either confusion or misunderstanding of the legal principles of causation which we hold to be applicable to this case. Review of the evidence already in the record in light of these legal principles shows that we must remand for the taking of additional evidence. We have not hesitated to order a reopening of commission hearings when the evidence is insufficient to permit the commissioner on remand to determine facts essential for application of legal principles newly declared on appeal, *Dunkin Donuts of America, Inc. v. Watson,* Me., 366 A.2d 1121 (1976), or when the medical testimony, through ambiguity, fails to establish clearly the necessary medical opinions, *Severance v. State Dept. of Transportation,* Me., 324 A.2d 314 (1974). As we have said,

"[I]n the situations in which a Commissioner's decision cannot be permitted to stand as written, and a remand of the case to the Commission for further evaluation is necessary, instances may arise in which justice requires that such Commission reevaluation shall not be confined to the record already made but shall be upon a record amplified by additional evidence to be adduced through further hearing." *Justard v. Oxford Paper Co.,* Me., 328 A.2d 127, 130 (1974).

At the time of his initial decree, the commissioner in *Justard* did not have the benefit of a subsequent opinion by this court

addressing the legal principles of causation which he had erroneously applied. We there remanded for further hearing in light of the substantial guidance which our later decision could furnish the commissioner.

In the case at bar, the medical testimony already in the record is far from satisfactory on the questions which the commissioner must decide upon remand. We accordingly send the case back for the commissioner to receive additional evidence in light of this opinion and then, on the basis of the prior record [1] as so supplemented, to find (1) whether an initial work-related injury occurred in April or August 1974 and (2) whether that initial injury remained a substantial factor in Richardson's total disability, despite the intervening automobile accident.

The entry must be:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Industrial Accident Commission for further proceedings consistent with the opinion herein.

Further ordered that the appellees pay to the appellant an allowance for counsel fees in the amount of $550 plus $200, in view of the special circumstances attendant upon the oral argument, together with his reasonable out-of-pocket expenses for this appeal.

All Justices concurring.

---

1. Although both parties now willingly stipulate that the deposition of Dr. Ciembroniewicz, which is reproduced in the record on appeal, was properly in evidence before the commissioner, the record is devoid of any indication that the commissioner in fact ever received it in evidence. On remand in this case, and in other cases before the Industrial Accident Commission, the transcript of the hearing before the commissioner should clearly show whether depositions are admitted in evidence.