Marguerite HAMILTON

v.

DEXTER SHOE COMPANY.

Supreme Judicial Court of Maine.

June 14, 1979.

---

Vafiades, Brountas & Kominsky by Susan R. Kominsky (orally), Lewis V. Vafiades, Bangor, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Peter M. Weatherbee, Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

On February 2, 1973, employee Marguerite Hamilton, a sixty-year-old mill worker, slipped and fell on wet ice, suffering a fractured right hip. The fracture required the surgical insertion of a "routine nail and plate," and an agreement for payment of compensation for total incapacity was executed on February 26, 1973. After the operation, the employee began to suffer pain in her right knee. In August, 1973, that knee was operated on and the cartilage removed. On February 25, 1974, compensation was discontinued by agreement of the parties and the employee returned to work. She was able to work only four weeks, and on April 30, 1974, the parties executed another agreement for compensation for total incapacity, the period of incapacity beginning on March 25, 1974.

In May, 1974, Ms. Hamilton underwent further surgery. The nail and plate were removed and replaced by a half artificial hip. This having proved unsatisfactory, a total hip replacement was performed in March, 1976. A minor follow-up operation was required in October, 1978, to remove wires from the artificial hip. The employee continues to experience muscle fatigue and pain in her knees and low back.

Employer Dexter Shoe Company filed a petition for review of incapacity on May 11, 1977. After hearings held in July and October of 1977, the Industrial Accident Commission [1] ordered a reduction in the employee's disability to 25 percent. Employee Hamilton now appeals from a pro forma decree of the Superior Court affirming the Commission's order. We sustain the appeal.

■ In a petition for review of incapacity, the employer is required to establish, by comparative medical testimony, that since the time an approved agreement was executed the condition of total or partial incapacity caused by a compensable injury has

---

[1] The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.

diminished or ended. *Van Horn v. Hillcrest Foods, Inc.*, Me., 392 A.2d 52 (1978); *Dufault v. Midland-Ross of Canada, Ltd.,*, Me., 380 A.2d 200 (1977). The requirement that comparative medical evidence be produced to show a change of condition is satisfied by a showing that after execution of the compensation agreement the employee has undergone serious remedial surgery followed by a new medical appraisal of his or her condition. Such surgery justifies a review of the medical condition of the employee and therefore of his earning capacity. *Terry v. Lee C. Moore Corporation*, 382 P.2d 446 (Okl.1963); *Houston Fire & Casualty Insurance Co. v. Dieter*, 409 S.W. 838 (Tex. 1966); 3 A. Larson, *Workmen's Compensation Law* § 81.33 (1976). *Cf. Nelson v. Town of East Millinocket*, Me., 402 A.2d 466, 468 (1979). However, the incapacity continues to be compensable until the employer demonstrates by a fair preponderance of the evidence that the effect of the injury has ended. *Soucy v. Fraser Paper, Ltd.*, Me., 267 A.2d 919, 921 (1970).

■ The orthopedic specialist who performed the hip replacement testified, with reference to the condition of appellant's right hip, that she had some work capacity. There was also testimony by a rheumatologist, referring only to the condition of appellant's knees and low back, that she had some work capacity, though she continued to experience pain in those parts and should avoid prolonged standing, bending or heavy lifting. We see nothing improper in permitting medical specialists to limit their opinion of work capacity to a particular condition, provided the commissioner determines the extent of disability by reference to the employee's entire medical condition.

■ However, the commissioner declined to consider the pain in appellant's knees and back in determining the extent of her incapacity, concluding as follows:

> "The relationship between the pain she experiences in her knees and low back is not connected to the injury with a reasonable degree of medical certainty and this pain in the low back and knees is the chief source of disability at present.

· · · · ·

We think that Mrs. Hamilton is disabled to the extent of 25% of her pre-accident capacity, by physical deficiencies traceable to her hip injury in February 1973, but that disability beyond that percentage is not attributable to her injury so far as the evidence shows, but results from unrelated physical problems that developed since 1973."

The criterion applied by the commissioner, whether the knee and back pain were connected to the compensable injury with a reasonable degree of medical certainty, was not correct. The commissioner's decree here, like the decree in *Beaulieu v. Francis Bernard, Inc.*, Me., 393 A.2d 163 (1978), was issued on November 7, 1977, three days after certification of *Richardson v. Robbins Lumber, Inc.*, Me., 379 A.2d 380 (1977). *Richardson* requires only a "substantial causative relationship between the work-related injury and the ultimate condition." *Id.* at 383. The standard of proof is by a preponderance of competent and probative evidence, not to a "reasonable degree of medical certainty." *See MacKenzie v. H. Tabenken & Co., Inc.*, Me., 382 A.2d 1047 (1978). Furthermore, in a petition for review of incapacity, since the employer has the burden of proving that the effect of the accident has ended or diminished, the burden was on the employer to establish the absence of a substantial causative relationship between the compensable injury and the pain in the employee's knees and back. *Soucy v. Fraser Paper, Ltd., supra.*

The rheumatologist called by the employer testified that the pain experienced by the appellant in her knees and low back "might be due to" unrelated degenerative disease but that it was also possible that the pain was related to the hip fracture. The doctor was unable to conclude which alternative was more medically probable, though he did state at one time that it was probable that there was a causal relationship. He conceded that in attempting to distinguish between what was possible and what was probable he was "getting into an area of speculation."

We conclude that the employer's burden of proof was not satisfied by medical testimony that the pain "might be due to" medical conditions unrelated to the compensable injury. Such testimony is of no greater certainty than the physician's conclusion that an employee "may try" to work which we found inadequate in *Grant v. Georgia-Pacific Corp.*, Me., 394 A.2d 289 (1978). Since the employer did not meet its burden of proof, the commissioner should have considered the pain in the employee's knees and low back in determining the extent of her disability. Accordingly, we order a remand to the Commission for a correct determination of this question of fact. *See Dunkin Donuts of America v. Watson*, Me., 366 A.2d 1121 (1976).

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

Remanded with direction to remand to the Workers' Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with her reasonable out-of-pocket expenses for this appeal.

WERNICK, J., did not sit.