Wayne A. SMITH

v.

DEXTER OIL COMPANY[1] et al.

Supreme Judicial Court of Maine.

Dec. 14, 1979.

---

**1.** Through an oversight the Workers' Compensation Commission's decree erroneously named Webber Oil Company as the employer. All parties have stipulated to the substitution of Dexter Oil Company as the party employer on this appeal as well as on remand to the Superior Court and to the Workers' Compensation Commission.

C. W. & H. M. Hayes by Robert Scott Lingley, Dover-Foxcroft (orally), for plaintiff.

Rudman, Winchell, Carter & Buckley by William S. Wilson, Jr. (orally), Michael P. Friedman, Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

Plaintiff-employee Wayne A. Smith sustained a work-related injury on February 8, 1977, and was receiving compensation for total disability pursuant to an approved agreement dated May 9, 1977. On October 11, 1977, defendant-employer Dexter Oil Company brought before the Workers' Compensation Commission a petition for review of incapacity. *See* 39 M.R.S.A. § 100 (1978). On March 21, 1979, after receiving evidence from both sides, the commissioner issued a decree suspending compensation, in which he concluded:

> We are not convinced at this time that the effects of the injury sustained by Mr. Smith on February 8, 1977 prevent him from engaging in gainful employment and believe that whatever disabling effects the accident may have produced are not now substantial causative factors producing disability.

Employee Smith now appeals a pro forma decree of the Superior Court affirming the commission.

The commissioner's decree is ambiguous in two significant respects. First, his use of the phrase "[w]e are not convinced" suggests that the commissioner placed the burden of proof upon the employee; that would be erroneous as a matter of law in a petition for review of incapacity filed by the employer. *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200 (1977); *Dailey v. Pinecap, Inc.*, Me., 321 A.2d 492 (1974). Second, his use of the word "substantial" to modify the phrase "causative factors" raises the possibility that the commissioner applied an erroneous legal standard in resolving the question of causation raised by the petition.

By his use of the phrase "substantial causative factors" the commissioner may merely have meant "real" or "actual" causative factors. If so, he violated no rule of law. On the other hand, he may have used it in the sense of "important" or "predominant" causative factors. If so, he applied an incorrect principle of causation.

Our cases have never required a showing of a *substantial*—in the sense of "important" or "predominant"—causative relationship between a work-related injury and a worker's subsequent inability to work. For example, compensation may be awarded where a work-related injury aggravates *to any degree* a preexisting physical ailment or condition so as to produce disability. *Bernier v. Coca-Cola Bottling Plants, Inc.*, Me., 250 A.2d 820 (1969). *See* 1 Larson, *Law of Workmen's Compensation* § 12.20, at 3–331 (1978) ("the relative contribution of the accident . . . is not weighed"). Likewise, in order to suspend compensation in cases of continuing incapacity, there must be competent evidence from which the commissioner could conclude that the work-related injury has ceased to be "*a* contributing factor to [the employee's] incapacity." *Soucy v. Fraser Paper, Ltd.*, Me., 267 A.2d 919, 922 (1970) (emphasis added).[2] In the circumstances of

---

**2.** Although the fact situation in the instant case is completely different from that in *Richardson v. Robbins Lumber, Inc.*, Me., 379 A.2d 380 (1977), the court there did use the term "substantial" in describing the causative relationship required to be proven to exist between a work-related injury and a worker's subsequent total incapacity. That case, however, did not differ from *Soucy* as an application of the general rule that, despite the occurrence of a sub-

---

**1016**

this case, any requirement of a "substantial" (*i. e.*, a "predominant" or "important") causative relationship would lessen impermissibly the burden that the employer must bear on the issue of causation.

Because we cannot determine from the record before us whether the commissioner's decision was free from errors of law, we remand for clarification of the decree.[3] On remand, the commissioner should resolve both points of ambiguity by making appropriate findings of fact and conclusions of law.

The entry will be:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Superior Court for substitution of Dexter Oil Company as the party employer and for remand to the Workers' Compensation Commission with directions (i) to make further findings of fact and conclusions of law on the basis of the present record, and (ii) to substitute Dexter Oil Company as the party employer.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

POMEROY and ARCHIBALD, JJ., did not sit.

sequent non-work-related illness or injury, the continuing incapacity is nonetheless compensable if it results from a combination of the original work-related injury *and* the independent, intervening cause. *See generally* 1 Larson, *supra* § 13.11, at 3–348 to 353.

In the *Soucy* context, where there was a preexisting compensation agreement and a subsequent petition for review of incapacity filed by the employer, the court necessarily stated that rule in terms of the employer's burden of proof: compensation in that case could not be suspended, despite the occurrence of the intervening illness, unless there was evidence "that the [original work-related injury] had ceased to be a contributing factor to [the employee's] incapacity." 267 A.2d at 922 (emphasis omitted). In *Richardson*, by contrast, the appeal was from the denial of the employee's petition for compensation filed *after* both the original work-related injury *and* the intervening, non-work-related event had occurred, and the court was thus constrained to state the rule in terms of the *employee's* burden of proof.

Although in that statement of the rule this court used the phrase "substantial causative relationship," 379 A.2d at 383, an analysis of the supporting case citations reveals not that the court intended to depart from the ordinarily applicable principles of causation in workers' compensation cases but rather that it used the term "substantial" in the sense of "real" or "actual", to distinguish such "substantial" causes from those "so insignificant that no reasonable mind would think of them as causes." *Wing v. Morse*, Me., 300 A.2d 491, 495 (1973). Because that phrase has imported unnecessary confusion into the analysis of causation issues in compensation cases, its use now appears to have been improvident, and we think it should be avoided in the future.

3. Although the commissioner unless requested is no longer required to state his findings and conclusions, 39 M.R.S.A. § 99 (1978, as amended by P.L.1977, ch. 632), *see Gorrie v. Elliott Jordan & Son, Inc.*, Me., 408 A.2d 1008, 1011 (1979), he nevertheless chose to do so here. Because the presence of significant ambiguity in his findings hinders effective appellate review in the same way as would a total absence of such findings, we deem it an appropriate use of section 99 for the party who later seeks review to have requested further findings to clarify an ambiguous decree. Although we do not here deny appellant's appeal for his failure to seek clarifying findings, we may be inclined to do so in the future, resolving ambiguity, where it exists, against the party seeking reversal of the decree. *Cf. Sutherland v. Pepsi-Cola Bottling Co.*, Me., 402 A.2d 50, 52 (1979) (standard of review where *no* findings or conclusions stated).