**Gloria EMERY**

v.

**BARNARD NURSING HOME and Hartford Accident & Indemnity Company.**

Supreme Judicial Court of Maine.

Jan. 24, 1980.

---

**5.** *See* note 4 above.

Eaton, Peabody, Bradford & Veague, Stephen G. Morrell (orally), Thomas M. Brown, Bangor, for plaintiff.

Rudman, Winchell, Carter & Buckley by William S. Wilson, Jr. (orally), Michael Friedman, Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

This is an appeal by a worker, Gloria Emery, from a pro forma decree of the Superior Court entered on a decision of the Workers' Compensation Commission denying her an award of compensation. The worker's petition for award alleged that on March 18, 1976 she fell at the premises where she was employed by respondent, Barnard Nursing Home, and the fall caused her to be incapacitated for work.

After a hearing, at which conflicting testimony was presented regarding the effects of petitioner's fall,[1] the commissioner refused to award compensation because, in his words:

> "The medical evidence does not convince us that it is more probable than not that the fall experienced by Mrs. Emery on March 18, 1976 was a *substantial* causative factor of her disability after March 18, 1976." (emphasis added)

The commissioner's use of the word "substantial" to modify "causative factor" requires, in accordance with our decision in *Smith v. Dexter Oil Company*, Me., 408 A.2d 1014 (1979), that this case be remanded to the Commission for clarification of the findings. As we explained in *Smith, supra*:

> "[b]y his use of the phrase 'substantial causative factors' the commissioner may merely have meant 'real' or 'actual' causative factors. If so, he violated no rule of law. On the other hand, he may have used it in the sense of 'important' or 'predominant' causative factors. If so, he

applied an incorrect principle of causation." *Id.* at 1015.

Similarly, here, we cannot tell whether or not the commissioner applied an incorrect principle of causation.

The entry is:

Appeal sustained.

The pro forma judgment of the Superior Court is vacated.

The case is remanded to the Workers' Compensation Commission with directions to make further findings of fact and conclusions of law on the basis of the present record.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

POMEROY and ARCHIBALD, JJ., did not sit.

---

1. Of the three testifying physicians in this case, two concluded that the claimant's fall was causally connected to the disability for which she sought compensation, while the third found no such causal connection. That third physician cited degenerative joint disease of the lumbar spine as the cause of the disability.