Gloria EMERY

v.

BARNARD NURSING HOME and Hartford Accident & Indemnity Company.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1980.

Decided Oct. 28, 1980.

---

Eaton, Peabody, Bradford & Veague, Stephen G. Morrell (orally), Thomas M. Brown, Bangor, for plaintiff.

Rudman, Winchell, Carter & Buckley, William S. Wilson (orally), Michael P. Friedman, Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

A worker, Gloria Emery, has appealed from a judgment entered in the Superior Court (Washington County) affirming, pro forma, the decision of the Workers' Compensation Commission denying her Petition for Award of Compensation.

We deny the appeal and affirm the judgment.

This case was previously before us. Then, in *Emery v. Barnard Nursing Home et al.*, Me., 410 A.2d 224 (1980), we remanded the case to the Commission for further findings and conclusions on the record as already made because we were unable to tell from the Commission's written opinion whether it reached its decision by applying a correctly understood concept of legal cause.

On remand, the Commission made the following findings and conclusions:

"The medical evidence, particularly the testimony by Dr. Southall convinces us that it is more probable than not that the fall experienced by Mrs. Emery on March 18, 1976, was *not the actual cause* of her disability after March 18, 1976, but on the contrary the disability is *wholly* the result of earlier spinal injuries and pre-existing spinal disease." (emphasis added)

We conclude that, now, the Commission has removed the difficulty that led to our previous remand. The words we have emphasized in the Commission's further findings and conclusions eliminate the ambiguity arising from the Commission's prior use of the word "substantial" to modify "causative factor." The Commission's present finding is that there was a total lack of causal relationship between the worker's in-capacity and her employment, the incapacity having been "wholly" caused by conditions unrelated to her employment.

On all the evidence it was rationally open to the Commission as fact-finder to make this finding and on the basis of it to conclude that the worker's incapacity was not attributable to an injury "arising out of" her employment.

The entry shall be:

Appeal denied; pro forma judgment of the Superior Court affirmed.

Further ordered that the employer pay to the employee on allowance for counsel fees in the amount of $200.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.