### Jeffrey BRACKETT

v.

### A.C. LAWRENCE LEATHER CO. et al.

Supreme Judicial Court of Maine.

Argued March 17, 1989.
Decided May 31, 1989.

Kevin M. Noonan (orally), Richardson & Troubh, Portland, for appellants.

William P. Hardy, Michael J. Welch (orally), Hardy, Wolf & Downing, Lewiston, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Employer A.C. Lawrence Leather Co., joined by its insurer Liberty Mutual Insurance Co., appeals from the decision of the Appellate Division of the Workers' Compensation Commission affirming the hearing commissioner's grant of employee Jeffrey Brackett's petition for restoration of 100% benefits. The employer argues that the Appellate Division erred in not apportioning the employee's present total incapacity between a 1978 work-related back injury and two 1985 non-work-related back injuries. The employer contends that it should not be responsible for the employee's entire incapacity because the hearing commissioner found that although the 1978 injury causally contributed to the employee's incapacity, the 1985 back injuries that had no relation to his work were "probably the major contributing factors."

*Richardson v. Robbins Lumber, Inc.*, 379 A.2d 380 (Me.1977), controls this case.

In *Richardson* the employee injured his back in two separate work-related incidents. Several months after the second work-related injury, the employee injured his back in a non-work-related motor vehicle accident, and as the result of the three injuries became totally disabled. *Id.* at 381–82. The employee filed two petitions for award of compensation based on the two work-related injuries. The hearing commissioner dismissed both petitions. On his appeal to this court the employee in *Richardson* argued that the commissioner erred in requiring him to prove that his disability was caused solely by the work-related incidents. *Id.* at 382. The employer responded that the automobile accident was an independent intervening cause that severed the causal chain between the prior work-related injuries and the current incapacity. *Id.* at 383. We agreed with the employee and held that "the proper approach to the causation question requires that the commissioner first determine whether a work-related injury occurred. If that inquiry is answered in the affirmative, the critical question then becomes whether the work-related injury remained a *substantial factor* in causing the ultimate disability." *Id.* (citation omitted) (emphasis added); *see also Smith v. Dexter Oil Co.*, 408 A.2d 1014, 1015–16 n. 2 (Me.1979) (*Richardson* held that "despite the occurrence of a subsequent non-work-related illness or injury, the continuing incapacity is nonetheless compensable if it results from a combination of the original work-related injury *and* the independent, intervening cause." (Emphasis in original)). In *Richardson*, 379 A.2d at 383, we also stated that a work-related injury remained a "substantial factor" if the injury remained "a cause" of the ultimate condition. In the later decision of *Smith v. Dexter Oil Co.*, we not only defined the term "substantial" as real or actual rather than important or predominant, we also expressed our disapproval of the use of that term because it has "imported unnecessary confusion into the analysis of causation issues in compensation cases." 408 A.2d at 1015–16 & n. 2.

In the case at bar Brackett on January 3, 1978, sustained a work-related back injury for which he received total disability, pursuant to two approved agreements, for four days following the injury and for the period from September 8, 1978, to January 15, 1979. Brackett returned to work full time, although he had intermittent back pain, until he injured his back again in a non-work-related motor vehicle incident on July 22, 1985, followed by a sneezing incident the next day. Brackett had back surgery and has since been totally incapacitated.

As in *Richardson*, the hearing commissioner here found that the 1978 work-related back injury causally contributed to the employee's present medical condition and incapacity. The commissioner's further finding that the car and sneezing incidents were probably the major contributing factors is not significant. The work-related back injury remained a cause in Brackett's total incapacity, and the total incapacity is thus fully compensable under *Richardson*.

The entry is:

The decision of the Appellate Division of the Workers' Compensation Commission is affirmed.

It is ordered that the employer pay to the employee $750 for counsel fees plus reasonable out-of-pocket expenses for this appeal.

ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ., concurring.

GLASSMAN, Justice, dissenting.

I respectfully disagree with the court and would vacate the Appellate Division's decision.

The issue presented in this case is one of first impression for this court. The court must concede that the Workers' Compensation Act does not address the applicability of apportionment for an employee's incapacity caused by a work-related injury and a subsequent non-work-related injury. *See* 39 M.R.S.A. § 51 (Supp.1988) (entitlement for compensation for injuries arising out of and in the course of employee's employ-ment). The court's reliance on *Richardson v. Robbins Lumber, Inc.*, 379 A.2d 380 (Me.1977), as controlling precedent is misplaced. As the court notes, we held in *Richardson* that "the *proper approach to the causation question* requires that the commissioner first determine whether a work-related injury occurred. If that inquiry is answered in the affirmative, the critical question then becomes whether the work-related injury remained a substantial factor in causing the ultimate disability." *Id.* at 383 (citation omitted) (emphasis added). In *Smith v. Dexter Oil Co.*, 408 A.2d 1014, 1015–16 & n. 2 (Me.1979), we further clarified the term "substantial" as meaning a real or actual cause. In neither case was the issue presented, nor did we determine the extent of the liability of an employer for the incapacity of an employee resulting from a work-related and subsequent non-work-related injury.

Accordingly, the court today holds for the first time that when a work-related injury is *a* cause of an employee's incapacity to work which only occurs after the employee has suffered a later non-work-related injury or injuries, the employer is liable for the entire incapacity suffered by the employee. Under the court's decision, an employer would be responsible for an employee's total incapacity even though a work-related injury caused one percent or less of the incapacity and a subsequent non-work-related injury caused ninety-nine percent or more of the incapacity. Nothing in the Workers' Compensation Act indicates that the Legislature intended that employers be general disability insurers for non-work-related injuries suffered by an employee. *See* 39 M.R.S.A. § 51 (Supp. 1988); *id.* § 94–A(3) (Workers' Compensation Act should be construed "to ensure the efficient delivery of compensation to injured workers at a reasonable cost to employers" and not in favor of employee or employer).

After January 15, 1979 and until he suffered two non-work-related back injuries six and one-half years after his work-related injury in 1978, Brackett had continued at the same job without missing any work.

I believe that an apportionment of the incapacity caused by the non-work-related injury and the work-related injury is fair both to the employee and employer and is consistent with the compensation scheme set forth by the Legislature. *See* 39 M.R.S.A. §§ 51, 94–A. Apportionment is not a new concept to the Commission. *See id.* § 104–B (apportionment of liability among responsible insurers for multiple injuries). An employer should be liable for the entire incapacity only when the incapacity cannot be apportioned with reasonable medical certainty between the work-related injury and the subsequent non-work-related injury. Accordingly, I would vacate the decision of the Appellate Division with instructions to remand to the Commissioner for an apportionment based on the loss of earning capacity caused by the work-related and the successive non-work-related injuries.