## Betty J. COTE

v.

## GREAT NORTHERN PAPER CO.

Supreme Judicial Court of Maine.

Argued June 15, 1992.

Decided July 15, 1992.

Wayne Whitney (orally), Anthony J. Peverada, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

John A. Woodcock, Jr., (orally), Weatherbee, Woodcock, Burlock & Woodcock, Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Great Northern Paper Company appeals from a decision of the Appellate Division affirming the denial by the Workers' Compensation Commission of its petition for reduction of benefits that alleged Betty J. Cote refused an offer of employment. 39 M.R.S.A. § 66–A(6) (1989). Great Northern contends that Cote's failure of a drug test constituted a refusal to accept suitable work. We reject that contention and affirm the Appellate Division's decision.

Prior to the summer of 1989, Cote had sustained two work-related injuries. In June 1989 Great Northern offered her temporary employment within her physical capacity for the summer vacation period. Despite Cote's knowledge that the company required a drug screening test, she took the test and tested positive for cannabis. Great Northern thereafter petitioned for a reduction of benefits and a recovery of overpayments made after July 1, 1989, the date she could have returned to work.

Section 66–A(6) provides in pertinent part:

> If any injured employee refuses to accept an offer of reinstatement, the employer ... may file ... a petition for a reduction of benefits. If, after hearing, the commission finds that an employee refused to accept the offer and the position offered was suitable to his physical condition, it shall order the reduction of all benefits payable under section 54–B and 55–B.

The Commission ruled that Great Northern had failed to sustain its burden of proof, finding that Cote "wanted to return to work" and would have done so "but for her failure of the rehiring drug test." *See* 39 M.R.S.A. § 66–A(7). Great Northern argued to the Appellate Division, and before us, that the failure of a reemployment drug test is a refusal of employment. The company contends that Cote's situation is analogous to an employee's failure to participate in an independent medical examination or refusal of medical treatment (section 65); an employee's intentional injury to himself (section 61); an employee's refusal to comply with an approved rehabilitation plan (section 87); and an employee's criminal conduct (section 102–A). 39 M.R.S.A. §§ 61, 65, 87, 102–A. The company argues that Cote's conduct, as in the aforementioned situations, constitutes deliberate action that frustrates the employer's attempt

to ameliorate the burden of workers' compensation.

We previously rejected a similar argument in *Cousins v. Georgia–Pacific Corp.*, 599 A.2d 73 (Me.1991), where we decided that an employee's discharge for willful misconduct did not preclude a restoration of compensation benefits. In *Cousins* we recognized that the Legislature has seen fit to penalize very limited forms of misconduct. Although the Legislature imposes a duty on the employer to reinstate an injured employee, it has not imposed a reciprocal duty upon the employee to maintain herself ready for reinstatement (physically able to pass a required preemployment test). As we said in *Cousins,* we deem it inappropriate for us to expand the narrow provisions of the act.

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN, CLIFFORD and RUDMAN, JJ., concurring.

COLLINS, Justice, dissenting.

I respectfully dissent from the court's opinion which further develops the employee oriented position we adopted in *Cousins v. Georgia–Pacific,* 599 A.2d 73 (Me.1991).

Testing employees in order to detect the usage of controlled substances has become an important feature of employment safety in recent years. Here the employee's failure of the rehiring drug test constitutes a refusal to accept suitable employment. Under 39 M.R.S.A. § 66–A, if the employer offers the employee a job "suitable to his physical condition," the employee must accept it or suffer the penalties of the act. *Keene v. Fairchild Co.*, 593 A.2d 655 (Me. 1991). There is no question that the employee wanted to return to work and that she knew she would have to pass a reemployment drug test before she could be reinstated. Nonetheless, she elected to take illegal drugs and those drugs were detected when she was tested. In balancing an employee's illusory "right" to use illegal drugs against the employer's rights under section 66–A, it is clear that the public interest is best served by recognizing the statutory rights of the employer and, thus, also serving the common sense policy of ensuring safety in the workplace. Compare the employee's refusal to take advantage of reasonable medical treatment, e.g., *Gordon v. Maine Reduction Co., Inc.*, 358 A.2d 544, 548 (Me.1976); the employee's intentional or reckless injury of himself, e.g., *Richardson v. Robbins Lumber, Inc.*, 379 A.2d 380 (Me.1977); the employee's refusal to comply with the terms of an approved rehabilitation plan, 39 M.R.S.A. § 87(4); and criminal acts by an employee that result in incarceration, 39 M.R.S.A. § 102–A.

The employee's failure of the re-employment drug screening test constitutes a refusal to accept employment. The employer should be entitled to reduce compensation benefits by the amount the employee would have received if she had returned to work.