Thomas A. MIGNONE

v.

SHAPEWOOD DESIGN, INC.

Nos. 85–414 M.P., 85–436 M.P.

Supreme Court of Rhode Island.

May 28, 1987.

---

Raul L. Lovett, Lovett, Schefrin & Gallogly Ltd., Providence, for plaintiff.

H. Rice, Rice, Dolan & Kershaw, Providence, for defendant.

## OPINION

MURRAY, Justice.

These cases are before this court on a consolidated basis on the cross-petitions of the parties for certiorari. The parties seek review of a decision of the Workers' Compensation Appellate Commission which granted in part and denied in part workers' compensation benefits to Thomas A. Mignone, an employee of Shapewood Design, Inc. (Shapewood).

The employee filed an original petition, No. 81–1118, with the Workers' Compensation Commission, alleging that he was injured while at work for Shapewood on October 22, 1980 (1980 injury). Shapewood did not carry workers' compensation insurance on the date of the alleged incident. At a hearing before the trial commissioner, however, Shapewood claimed that it was exempt from the proceedings because it had filed a petition for chapter–11 bankruptcy. Attorney William J. McGair represented Shapewood at the hearing. The employee was represented by Attorney Francis J. Darrigan.

Subsequently, employee filed a second petition, No. 81–3155, alleging that he sustained a work-related injury while working for Shapewood on August 30, 1979 (1979 injury). On the date of this alleged occurrence, Shapewood carried workers' compensation insurance with Liberty Mutual Insurance Co. (Liberty Mutual). Attorney Darrigan represented employee on this petition. Shapewood was represented by its insurer's attorney, H. Eliot Rice.

The two petitions were heard on a consolidated basis. Shapewood, through Mr. Rice, asserted that employee's 1980 injury was merely an aggravation of a pre-existing condition. Mr. McGair claimed that the 1980 injury was a recurrence of the 1979 injury. The trial commissioner found that employee did not sustain a compensable injury in 1979. He further found that the matter was within the subject-matter jurisdiction of the Workers' Compensation Commission, notwithstanding the fact that Shapewood had filed a petition for chapter-11 bankruptcy. In addition, he classified the 1980 injury as an aggravation of a pre-existing condition which was compensable.

Subsequently, Mr. McGair appealed the decision reached on *both* petitions to the Workers' Compensation Appellate Commission. Mr. Rice moved to vacate the appeal of petition No. 81–3155 on the grounds that Mr. McGair was not the attorney of record on that petition and therefore had no standing to file a claim of appeal on behalf of Shapewood. The motion was denied.

On appeal the commission reversed the trial commissioner's decision and held that the 1980 injury was a recurrence of the 1979 injury. Consequently, the appellate commission allowed employee to recover workers' compensation benefits for the 1980 injury under the 1979 insurance policy. These cross-petitions followed.

The issues before this court are twofold: first, whether Mr. McGair had standing to file a claim of appeal on behalf of Shapewood from the trial commissioner's decision on petition No. 81–3155; second, whether the appellate commission erred in classifying employee's 1980 injury as a recurrence of the 1979 injury.

Shapewood through its attorney of record for petition No. 81–3155, Mr. Rice, asserts that Shapewood's attorney of record for petition No. 81–1118, Mr. McGair, had no standing to file a claim of appeal from the trial commissioner's decision on petition No. 81–3155. Mr. McGair contends that although it appears that Mr. Rice was representing Shapewood on petition No. 81–3155, owing to the unusual facts of this case, the insurer's interests conflict with those of the insured and therefore Mr. Rice was actually representing Liberty Mutual's interest. Mr. McGair futher asserts that because Shapewood, the true party in interest, had standing to appeal from the trial commissioner's decision on petition No. 81–3155, he as an agent of Shapewood had standing to appeal. We agree.

We find that the unusual facts of this case do present a conflict of interests between the insurer and the insured. This conflict arises out of the issue of whether Mr. Mignone's 1980 injury was a recurrence of his 1979 injury or merely an aggravation of a pre-existing condition. In the case of a recurrence, Liberty Mutual would be on the risk for the 1980 injury even though Shapewood had discontinued carrying workers' compensation insurance at that time. If the injury was considered an aggravation, however, Liberty Mutual would not be at risk and Shapewood itself would be responsible for paying Mr. Mignone's benefits. Due to these peculiar circumstances, we find that Mr. McGair and Mr. Rice were actually representing different interests. Since Mr. McGair was actually representing Shapewood, the true party in interest on both petitions, we believe that Mr. McGair did have standing to file a claim of appeal on behalf of Shapewood.

We turn next to the issue of whether the appellate commission erred in classifying employee's 1980 injury as a recurrence of the 1979 injury.

At the outset we note that upon reviewing a decision of the Workers' Compensation Commission, it is our duty to examine "the record to determine whether there is any legally competent evidence to support the findings of fact made by the commission." *Lomba v. Providence Gravure, Inc.*, 465 A.2d 186, 188 (R.I. 1983). "[Q]uestions of weight and credibility on conflicting evidence are not passed upon by this court." *Cabral v. Perry's Express Co.*, 85 R.I. 47, 52, 125 A.2d 221, 223 (1956). "Absent fraud, the factual findings of the commission are binding upon this court if supported by competent evidence." *Lomba*, 465 A.2d at 188.

Upon reviewing a decision of the workers' compensation trial commissioner, the appellate commission applies the standard set forth in *Davol, Inc. v. Aguiar*, 463 A.2d 170 (R.I. 1983). When reviewing findings based upon credibility determinations, the appellate commission must first find that the trial commissioner's findings were clearly wrong or that the trial commissioner misconceived or overlooked material evidence in arriving at this determination, before the appellate commission may independently weigh the evidence or find where the fair proponderance lies. *Id.*

In reviewing the trial commissioner's decision in the case at bar, the appellate commission applied the *Davol* standard. In its decision the appellate commission stated:

"we are precluded from conducting a de novo review unless we initially find that the trial commissioner misconstrued, misconceived, or overlooked material evidence. *Davol, Inc. v. Aguiar*, 463 A.2d 170 (R.I. 1983). We are here of the opinion that the trial commissioner did misconstrue and misconceive the medical evidence, namely, that of Dr. Henry E. Laurelli. We, therefore, must independently weigh and evaluate the evidence de novo."

The commission then went on to find that the injury sustained by Mr. Mignone in 1980 was actually a recurrence of his 1979 injury.

Shapewood through Mr. Rice asserts that the appellate commission erred in classifying Mr. Mignone's 1980 injury as a recurrence of the 1979 injury.

■ The distinction between an aggravation and a recurrence for purposes of evaluating a claim for workers' compensation benefits is well settled in this jurisdiction. A recurrence is the reappearance of a work-related injury. To qualify as a compensable claim under the Workers' Compensation Act, the original injury must have been work related. The employee, however, need not identify any precipitating factors, either work related or nonwork related, as the reason for the recurrence. When an injury is classified as a recurrence, compensation benefits are paid at the rate in effect at the time the injury first occurred.

■ An injury which is classified as an aggravation may be of two types.

"The first type occurs when the employee is suffering from a preexisting disease or infirmity, that the employment aggravates or accelerates to produce a disability. * * * With this type of aggravation, the employee is not required to show that the original infirmity or disease arose out of or in the course of employment. He must merely demonstrate that the employment aggravated the preexisting condition." *Lomba*, 465 A.2d at 188.

The employee is then compensated at the rate in effect at the time of the aggravation. "The second type of aggravation usually occurs when the employee suffers a work-related injury that is aggravated by medical or surgical treatment. The aggravation is a compensable consequence of the original injury" and is paid at the rate that was in effect on the date of the original injury. 465 A.2d at 188.

In the case at bar the Workers' Compensation Appellate Commission found that Mr. Mignone's 1980 injury was a recurrence of the 1979 work-related injury. As a result, Shapewood's insurer, Liberty Mutual, was on the risk to pay compensation benefits to Mr. Mignone at the rate in effect at the time he was injured in 1979.

■ On certiorari Mr. Rice argues that the appellate commission erred in finding that the trial commissioner was clearly wrong or that he misconceived or overlooked material evidence as required by *Davol*. Mr. Rice further asserts that testimony and evidence proffered at trial conclusively proved that Mr. Mignone's 1980 injury was an aggravation of a pre-existing condition. Therefore, Mr. Rice concludes that the appellate commission erred in classifying the 1980 injury as a recurrence. We disagree.

Upon reviewing the record, we find that the medical testimony given by Dr. Laurelli was ambiguous at best. Doctor Laurelli refused to classify Mr. Mignone's 1980 injury as either an aggravation or a recurrence, admitting that he was unsure of their meanings in the legal sense. He did, however, describe the nature of Mr. Mignone's 1980 injury from a medical point of view. His testimony in conjunction with other evidence was legally sufficient to support the appellate commission's finding that Mr. Mignone's 1980 injury was a recurrence. Because we do not pass upon the weight and credibility of conflicting evidence, we cannot say that the appellate commission erred in its determination. These findings are therefore binding upon this court.

For these reasons the cross-petitions for certiorari are denied; the writs previously issued are hereby quashed. The papers in the case are remanded to the commission with our decision endorsed thereon.