## James A. BLACKWELL

v.

## BOSTITCH, DIVISION OF TEXTRON.

No. 90–284–M.P.

Supreme Court of Rhode Island.

May 17, 1991.

John Harnett, Providence, for plaintiff.

Catherine Carroll–Chiulli, Cranston, Earl Metcalf, Gallagher & Gallagher, Providence, for defendant.

## OPINION

MURRAY, Justice.

Bostitch (employer) is petitioning for certiorari to review a finding by the Workers' Compensation Commission[1] (WCC) that James E. Blackwell (employee) has suffered a compensable injury. We uphold the WCC finding.

The facts are not in dispute. The employee suffered a compensable injury (lumbosacral strain) to his lower back in November 1980. He received total-disability benefits until August 28, 1981. He returned to light-duty work at that time. In October or November of 1981 he resumed his regular job duties. However, he continued to seek medical assistance for his back pain. He saw his doctor in October of 1981, January of 1982, and April of 1983.

Over the weekend of the Fourth of July in 1983, employee moved to a new resi-

**1.** This matter was originally heard by a Workers' Compensation Commission trial commissioner. He held for the employer, that employ-

ee did not suffer a compensable injury. On employee's appeal, the Workers' Compensation Appellate Commission reversed the trial commissioner and held that employee did suffer a compensable injury. The employer takes the instant appeal from the Appellate Commission's decision.

The Workers' Compensation Appellate Commission rendered its decision on May 14, 1990, before the Workers' Compensation Commission was relabeled the Workers' Compensation Court on July 11, 1990. Accordingly, we shall utilize terminology in place as of May 14, 1990.

dence. His back problems returned when he lifted boxes in the course of moving. These boxes were described by employee as lighter in weight than those that he routinely lifted at work. He was totally disabled from July 8, 1983, to November 28, 1983, and partially disabled after November 29, 1983. He claims that he is eligible for workers' compensation.

The question posited to this court is whether an employee who has substantially recovered from a compensable on-the-job injury, which injury returns because of an at-home activity, is eligible for workers' compensation? We are persuaded that the employee is entitled to compensation.

The matter before us is essentially a causation question. Professor Larson has aptly expounded on the matter as follows:

"A distinction must be observed between causation rules affecting the primary injury * * * and causation rules that determine how far the range of compensable consequences is carried, once the primary injury is causally connected with the employment. As to the primary injury, it has been shown that the 'arising' test is a unique one quite unrelated to common-law concepts of legal cause, and it will be shown later that the employee's own contributory negligence is ordinarily not an intervening cause preventing initial compensability. *But when the question is whether compensability should be extended to a subsequent injury or aggravation related in some way to the primary injury, the rules that come into play are essentially based upon the concepts of 'direct and natural results,' and of claimant's own conduct as an independent intervening cause.*

"The basic rule is that a subsequent injury, *whether an aggravation of the original injury or a new and distinct injury,* is compensable if it is the direct and natural result of a compensable primary injury.

"The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable." (Emphasis added.)

1 Larson, *The Law of Workmen's Compensation* § 13.11 at 3–502, 3–503 (1990).

■ The WCC placed great emphasis on attempting to characterize employee's 1983 injury as an aggravation or as a recurrence of the 1980 injury. "A recurrence is the reappearance of a work-related injury." *Mignone v. Shapewood Design, Inc.,* 525 A.2d 1297, 1300 (R.I.1987). An aggravation generally refers to a situation in which employment worsens a pre-existing condition or accelerates the pace at which a pre-existing condition manifests itself. *Lomba v. Providence Gravure, Inc.,* 465 A.2d 186, 188 (R.I.1983). However, Professor Larson makes clear that regardless of whether a second injury is an aggravation or a recurrence, it is compensable if it directly and naturally results from the original compensable injury. Characterizing an injury as an aggravation rather than a recurrence is relevant to other aspects of workers' compensation law, but it is not relevant to the instant causation (that is, compensability) question. *See, e.g., Mignone,* 525 A.2d at 1300 (whether a disability is a recurrence or an aggravation is relevant to the issue of the rate an employee is to be compensated).

The complicating factor in this type of case is determining when an event is an independent intervening cause so as to cut off the chain of causation and make a second injury noncompensable. Professor Larson elaborates on this point by saying that

"if the triggering episode is some nonemployment exertion like raising a window or hanging up a suit [then the subsequent injury or aggravation is compensable] so long as it is clear that the real operative factor is the progression of the compensable injury, associated with an exertion that in itself would not be unreasonable in the circumstances. A different question is presented, of course, when the triggering activity is itself rash in the light of claimant's knowledge of his condition.

"The issue in all of these cases is exclusively the medical issue of causal connection between the primary injury and the subsequent medical complications. By the same token, denials of compensation in this category have invariably been the result of a conclusion that the requisite medical causal connection did not exist." 1 Larson, § 13.11(a) at 3–516, 3–517, 3–518.

The Supreme Court of Oregon has examined the question of when an event is an independent intervening cause and has thoughtfully elaborated on Professor Larson. That court said,

"[I]f the claimant establishes that the compensable injury is a 'material contributing cause' of his worsened condition, he has thereby necessarily established that the worsened condition is not the result of an 'independent, intervening' non-industrial cause. We hold that an employer is required to pay workers' compensation benefits for worsening of a worker's condition where the worsening is the result of both a compensable on-the-job back injury and a subsequent off-the-job injury to the same part of the body if the worker establishes that the on-the-job injury is a material contributing cause of the worsened condition." Grable v. Weyerhaeuser Co., 291 Or. 387, 400–01, 631 P.2d 768, 776 (1981).

The Supreme Judicial Court of Maine has adopted a "substantial factor" test instead of the "material contributing cause" test. See Richardson v. Robbins Lumber, Inc., 379 A.2d 380, 383 (Me.1977). The Richardson court said that to decide the causation question, the WCC must first determine if there has been a work-related injury. If so, then if the work-related injury is a "substantial factor" in bringing about a later disability, the later disability is compensable. Id.

In the instant case employee presented testimony by his doctor. The doctor testified that employee's present injury is essentially a "re-creation" of employee's prior injury. He also said that the present injury is "causally related" to the 1980 injury since this injury is a "redevelop-

ment" of the 1980 injury. The employer presented no medical testimony.

Relying on this testimony, the WCC held that the 1983 incapacity was a result of the 1980 injury "being exacerbated, [it] increas[ed] the effects of the prior condition, and as such [it] must legally be classified as a recurrence." There is no evidence in the record that contradicts this finding. Accordingly we shall not disturb the finding. Mignone, 525 A.2d at 1299. The WCC therefore properly ruled that employee's 1983 injury is compensable.

◼ Further we note that the proximity in time between first and second disabilities is a relevant factor in deciding whether the first injury was a material contributing cause or a substantial factor in causing the second injury. Since it is only one factor to be considered, even a great distance in time between injuries will not preclude a finding that one was causally related to the other. In addition, whether an employee has completely recovered at the time he or she returns to work after suffering a compensable injury is relevant to the question of whether that injury materially contributed to causing a subsequently occurring injury. We do not agree with the WCC's statement that if an employee returns to work "symptom free," that that employee could never be deemed to suffer a "recurrence" of that injury. Even though an employee completely recovers from an injury, he or she could be left in a condition where he or she is more susceptible to having another injury, or that a later injury will be of a more serious nature because of the original injury. In either case an employee's original disability could be said to be a material contributing factor to a later injury.

One final matter that we address is the employer's query concerning whether interest is due on the employee's judgment. When the employer filed the present petition, it also made a motion to stay the payment of certain benefits. That motion was granted. The stay required, however, that if the employer's petition was denied, the stayed benefits were to have interest paid in accordance with G.L. 1956 (1986 Reenactment) § 28–35–12(c). The employ-

er now asks this court to clarify the date from which interest is payable. We decline to do so. Rather we remand to the WCC for a determination of interest, if any, upon the facts of the instant case.

The employer's petition for certiorari is denied. The writ previously issued is quashed. The decision of the WCC is affirmed. The papers of the case are remanded to the WCC for a hearing on the matter of interest on the judgment in accordance with this opinion.