Richard LISI

v.

WARREN OIL COMPANY.

No. 90–299–M.P.

Supreme Court of Rhode Island.

Jan. 13, 1992.

Stephen Rappoport, Jack DeGiovanni, Jr., Rappoport, Audette, Bazar & Farley, for plaintiff.

Michael T. Wallor, Hanson, Curran & Parks, Providence, for defendant.

OPINION

FAY, Chief Justice.

This matter is before the Supreme Court pursuant to our grant of a writ of certiorari. Warren Oil Company (Warren Oil), by its insurer, Insurance Company of North America–Aetna Insurance Company (INA–Aetna), seeks review of the record of a Workers' Compensation Court proceeding wherein the Workers' Compensation Appellate Division (appellate division) upheld a

decree entered by the trial judge.[1] The trial judge awarded the employee, Richard Lisi (Lisi), workers' compensation benefits for a recurrence of a work-related injury that he suffered in 1981 while employed by Warren Oil. For the reasons set forth herein, we affirm the decision of the appellate division and the trial judge.

Lisi began working for Warren Oil in 1972. During his employment he was responsible for installing and servicing heating systems. On September 3, 1981, when Lisi and a coemployee were carrying an oil-fired water heater weighing approximately 350 pounds down a set of stairs, the other man inadvertently let go of the heater and the tank fell onto Lisi's left shoulder. Lisi's neck and shoulder were injured. Doctor Michael Scala provided medical treatment to Lisi subsequent to the accident. Although Lisi continued to experience pain in his left shoulder, he did not stop working after the accident.

In May 1984, while making a delivery for Warren Oil, Lisi was in an accident in which the automobile carrying him was struck on the side. Thrown against the left doorjamb of the automobile, Lisi injured his left arm and back. Although the pain in his shoulder became more severe, Lisi continued working after the accident. However, as a result of the pain in his left shoulder, Lisi was forced to stop working on May 2, 1986. Lisi testified that at this point the "pain was just beyond working with it."

Lisi filed three separate petitions with the Workers' Compensation Court, seeking compensation for injuries suffered while at work. Petition No. 87–0421 alleged Lisi's incapacity resulted from an injury to his left shoulder, left foot, and neck, which he suffered on September 3, 1981. In W.C.C. 87–0422 Lisi alleged that his incapacity resulted from a work-related automobile accident that occurred on May 9, 1984. In W.C.C. 87–0423 he alleged that he became incapacitated as a result of constant and repetitive use of his left shoulder from January 1986 to May 1986. The three petitions were consolidated for trial.

Doctor David L. Cichy, a chiropractic physician, testified before the trial judge of the Workers' Compensation Court. The doctor stated that he began treating Lisi in December 1985. Lisi provided the doctor with a history of the prior accidents and his work activities. Doctor Cichy examined Lisi and determined that he "had a cervical and thoracic strain and sprain and a left shoulder strain * * * complicated by a rotator cuff tear * * * in the left shoulder." Doctor Cichy recommended that Lisi stop working on a trial basis from January 13, 1986, to January 27, 1986. When Lisi returned to work after this trial period, the doctor restricted him to "light selective duty work with no heavy lifting." Doctor Cichy believed that Lisi's "work was making him prone to exacerbation of pain." On May 2, 1986, the doctor concluded that Lisi was totally disabled.

Relying on Dr. Scala's notes and Lisi's statements, Dr. Cichy testified that he believed that the 1984 automobile accident had exacerbated Lisi's original shoulder injury and caused the rotator-cuff tear in his left shoulder. Although the doctor testified that there was a "causal relationship between the [1986] disability * * * and the history of this automobile accident in May of '84," none of the doctor's reports suggested a causal relationship. It was the doctor's opinion that Lisi's disability in 1986 "was one of continuing disability from the prior injuries. * * * It was the original injury * * * that was truly responsible for the disability."

Doctor William F. Garrahan, an orthopedic surgeon, testified that he reviewed reports provided by the numerous doctors who had treated Lisi. He also reviewed Dr. Cichy's and Lisi's testimony before the Workers' Compensation Court. Doctor

1. Pursuant to P.L.1990, ch. 332, entitled "An Act Relating to Workers' Compensation," signed into law by then-Governor DiPrete in July 1990, the Workers' Compensation Commission is to be known as the Workers' Compensation Court, the commissioners are to be referred to as judges, and the appellate commission is to be known as the appellate division. Therefore, for the purposes of this opinion we shall employ the proper terms as set forth in chapter 332 rather than the outdated references that appear in the petitioner's brief.

Garrahan examined Lisi on September 4, 1986, for the Temporary Disability Insurance Division of the Department of Employment Security. When he examined Lisi, the doctor was aware of Lisi's employment and his 1981 and 1984 accidents. Doctor Garrahan testified that Lisi was disabled at the time of the examination in 1986. When asked whether Lisi's 1984 automobile accident had caused Lisi's disability, the doctor concluded that "in twenty-seven years, I haven't seen any rotator cuff injury from an automobile accident." Doctor Garrahan also stated that Lisi's disability "goes back to 1981 and that injury carrying the boiler was a significant one to his shoulder." But Dr. Garrahan testified that the original injury and continued work had caused Lisi's injury to worsen.

Doctor A. Louis Mariorenzi, an orthopedic surgeon, testified before the trial judge. The doctor had not examined Lisi; he had only reviewed the records concerning Lisi's treatment with other doctors. Relying on the medical records and testimony he had reviewed, Dr. Mariorenzi testified that the problem Lisi "is suffering from now is a direct result of the 1981 injury." The doctor also believed that the 1981 injury was "being aggravated by his present employment and the work he is doing." However, later in the doctor's testimony he stated that it was the nature of Lisi's rotator-cuff injury "to worsen as time goes on" and that he could not tell whether Lisi's condition became worse "through the normal physiological process or worsened through [the] physiological process plus the type of work he is doing."

The trial judge admitted the reports of Dr. Scala into evidence. Doctor Scala began treating Lisi on October 2, 1981. The report includes a history of Lisi's 1981 accident. The doctor's reports indicate that Lisi continued to experience pain in his shoulder from the October 1981 accident through his last examination with Dr. Scala in July 1984.

The trial judge concluded that

"the petitioner sustained a left rotator cuff tear in 1981 which became progressively worse, resulting in the petitioner becoming incapacitated in May of 1986. The automobile incident was a contributing factor to a pre-existing condition but was not the sole precipitating cause or factor resulting in incapacity of the petitioner."

Therefore, the trial judge granted Lisi's first petition, W.C.C. 87-0421, and ordered Warren Oil to compensate Lisi for his disability. As a result Warren Oil's insurer, INA–Aetna, which insured Warren Oil at the time of Lisi's 1981 injury, was liable for compensation benefits to Lisi at the rate in effect at the time that he was injured in 1981. The trial judge denied Lisi's other petitions.

Lisi appealed all three petitions. The appellate division concluded that sufficient evidence existed to support the decision of the trial judge and upheld his decision. The appellate division rejected INA–Aetna's argument that "a work-related automobile accident in May 1984 and the heavy work that the petitioner performed in late 1985 to early January 1986, were factors that 'aggravated' the 1981 injury [constituting] new injuries which must be held responsible for the petitioner's subsequent 1986 incapacity." Instead the appellate division observed that Lisi had continued to suffer the effects of the 1981 injury until he was disabled in 1986. Therefore, the appellate division concluded, Lisi's "incapacity should legally be classified as a recurrence of the effects of that September 1981 injury."

On certiorari Warren Oil, by its insurer, INA–Aetna, argues that the appellate division erred in upholding the trial judge's decision. It further asserted that competent evidence did not exist to support the trial judge's decision that Lisi's injuries were a recurrence of his 1981 injury and not an aggravation.

■ This court has often discussed the differences between a recurrence and an aggravation for the purposes of evaluating a claim for workers' compensation benefits. *Blackwell v. Bostitch, Division of Textron,* 591 A.2d 384, 385 (R.I.1991); *Holme v. Carlson Corp.,* 582 A.2d 905, 908 (R.I. 1990); *Lomba v. Providence Gravure,*

*Inc.*, 465 A.2d 186, 188 (R.I.1983). "A recurrence is the reappearance of a work-related injury. * * * The employee, however, need not identify any precipitating factors, either work related or nonwork related, as the reason for the recurrence." *Mignone v. Shapewood Design, Inc.*, 525 A.2d 1297, 1300 (R.I.1987). This court has identified two types of aggravation that are compensable. Although not applicable in this case, one type of aggravation occurs when an employee sustains an employment-related injury that is aggravated by surgical or medical treatment. *Lomba*, 465 A.2d at 188. The second type of aggravation occurs when an "employee is suffering from a preexisting disease or infirmity, that the employment aggravates or accelerates to produce a disability." *Id.* This type of aggravation requires "a second separate intervening cause" for the disability. *Aguiar v. Control Power Industries, Inc.*, 496 A.2d 147, 149 (R.I.1985). However, the employee need not show that the original injury arose out of or in the course of his or her employment. *Lomba*, 465 A.2d at 188.

■ When a disability is classified as a recurrence, the insurer on risk at the time of the original injury is liable for the employee's disability. *Aguiar*, 496 A.2d at 149. However, if the disability is an aggravation, it "would be a new injury and the responsibility" of the insurer who provides worker's compensation insurance to the employer at the time of the new injury. *Holme*, 582 A.2d at 908.

■ We note, however, that in reviewing a decision of the Workers' Compensation Court, this court examines "the record to determine whether any legally competent evidence exists to support the findings of fact made by the commission." *Buonauito v. Ocean State Dairy Distributors, Inc.*, 509 A.2d 988, 990 (R.I.1986); *Lomba*, 465 A.2d at 188. The court does not weigh the evidence or determine the witnesses' credibility. *Gaines v. Senior Citizens Trans., Inc.*, 471 A.2d 1357, 1359 (R.I.1984). "Absent fraud, the factual findings of the commission are binding upon this court if supported by competent evidence." *Lomba*,

465 A.2d at 188. Bearing these standards in mind, we are of the opinion that there was competent evidence to support the trial judge's findings.

■ It is undisputed that Lisi sustained a work-related injury on September 3, 1981. Even though he was still in treatment with Dr. Scala for this injury, Lisi continued to work at Warren Oil. Doctor Scala's records indicate that over the entire three and one-half years that he treated Lisi, Lisi continued to suffer pain from the 1981 injury. The doctor's records indicate that the 1984 automobile accident may have caused the 1981 accident to become more severe. However, Lisi was not disabled as a result of this accident. Doctor Cichy testified that Lisi's disability in 1986 resulted from his original 1981 injury, the pain of which had increased in severity. Doctors Garrahan and Mariorenzi concurred with Dr. Cichy's opinion that Lisi's disability in 1986 resulted from his 1981 injury. Although the doctors testified that Lisi's work may have "exacerbated" his condition, their testimony indicates that the work was not the precipitating factor causing Lisi's disability. The 1984 accident and Lisi's heavy work were not separate, intervening causes of his disability in 1986. The record indicates that Lisi continued to suffer the effects of his 1981 injury until 1986 when he was rendered totally incapacitated. Lisi's disability was not caused by a new injury to his shoulder but resulted from a recurrence of his 1981 shoulder injury.

Relying on the medical evidence presented, the trial judge made a factual determination that Lisi's disability was a recurrence of "the effects of his 1981 injury." When we consider the evidence and testimony adduced at trial, we are of the opinion that there was adequate evidence to support the trial judge's finding of a recurrence that was work related and compensable.

Warren Oil argues that the appellate division misapplied the law. The petitioner points to the following portion of the appellate division's decision:

"[I]f the respondent (INA–Aetna) had been able to establish that subsequent to

[Lisi's] September 1981 injury he had been absolutely symptom free, had worked with no restrictions and no limitations and required no medical attention as a result of that injury, it would have been appropriate to classify either the subsequent May 1984 automobile accident or the subsequent 1985 to 1986 heavy work as aggravation."

Warren Oil contends that this standard, applied by the appellate division, foreclosed "a pre-existing condition from ever developing into a new injury or disability, unless it was absolutely dormant." We are of the opinion that the appellate division did not establish a new standard as petitioner suggests.

The appellate division considered the standards for determining an aggravation and a recurrence enunciated by this court. The division determined that Lisi continued to experience the effects of his 1981 accident and that Lisi's disability resulted from a reappearance of his original injury. The appellate division also concluded that neither the 1984 automobile accident nor Lisi's employment activity was the precipitating factor causing his disability. After reviewing the medical testimony, the division determined that Lisi's disability resulted from his original 1981 injury. The appellate division did not, nor could it, preclude a disability from ever being classified as an aggravation when the employee continues to suffer symptoms of the original injury.

For the reasons set forth herein, Warren Oil's petition for certiorari is denied, the writ previously issued is quashed, and the decision of the Workers' Compensation Court is affirmed. The papers of the case are remanded to the Workers' Compensation Court with our decision endorsed thereon.